Alexander, admr. *vs.* Sutlive, exr.

---

No. 5.—Moses H. Alexander, administrator of Moses Alexander, deceased, plaintiff in error, *vs.* John W. Sutlive, executor of Majors Henderson, deceased.

[1.] In a *sci. fa.* to make parties, the defendant, by demurring to being made a party, on the ground that the suit set out in the record has abated, admits the existence of the action, and is estopped, by the judgment overruling the demurrer, from denying the record.

[2.] A demurrer only admits facts well pleaded, with a view to determine their legal sufficiency, and it cannot be used as an instrument of evidence in an issue of fact.

[3.] After a demurrer has been argued and overruled, and the defendant has permitted the time for pleading to elapse, the court may, in its discretion, refuse him leave, unless satisfied that it is necessary to attain justice, and that the application is not for delay and vexation.

Effect of a demurrer at law. Plea of *nul tiel record* to *scire facias* to make parties, after a demurrer sustained at a former term of the Court below, and that judgment upon a writ of· error reversed.

Error from Randolph Superior Court. April Term, 1847. Before Judge Warren.

For the facts see the opinion delivered by the Supreme Court.

Jones, Benning & Jones, and Hines Holt, for the plaintiff in error, made the following points :

1. A *sci. fa.* is so far an action that it may be pleaded to. 1 *Kelly,* 292, 366, 367.

2. Entries upon the docket of the Judge are not evidence, 1 *Kelly* 366, 367, and therefore there is no evidence of the death of any party in the case.

And the absence of any action in the case, for four years, is an evidence that the case is out of court.

DEVON, MCDOUGALD, TAYLOR and THOMAS for the defendant in error.

There is no error in the judgment of the Court below in obeying and carrying into effect the order, decision and judgment of this Court in making parties.

The same causes or grounds, in substance, after being adjudicated in this Court, and judgment had upon the same, cannot be alleged for error, they being *res judicatæ.*

After a judgment on the merits of the case being had in the Court below, and afterwards adjudged in this Court, a party cannot plead matter in abatement, where judgment is final.

After a party defendant pleads to the merits of case in Court below, and a final judgment had below and in this Court, a party cannot plead *nul tiel record* to the record upon which the cause was adjudged in this Court.

After a party defendant pleads to a cause in abatement or bar, and a final judgment being had on the same, he cannot then plead any other matter in abatement or bar.

Authorities to be referred to :—*Act of* 1845, *creating Supreme Court, 5 sec.*;' *Prince* 422, 442 ; 1 *Kelly R.* 367 ; 10 *Johns. R.* 200; *Bla. Com.* 24,; *Arch. Civ. Pl.* 352 ; 2 *Tidd Prac.* 1116, 1127 ; 1 *Bailey R.* 20 ; *Comyn Dig. tit. Abatement H.* 34 ; *Petersdorff Abr. tit. Abatement B.* 1 ; 9 *Porter R.* 137, 138 ; 1 *Bay R.* 449, 450, 451.

*By the Court.*—LUMPKIN, Judge, delivering the opinion.

On the 15th day of July, 1836, Majors Henderson, then in life, brought an action of debt in the Superior Court of Randolph County, against Moses Alexander, the intestate of the plaintiff in error. The defendant, at the trial term, confessed judgment and entered an appeal. At August Term, 1840, of the Superior Court, the death of Henderson was suggested, and at the October Term, 1843, the death of Alexander was suggested. On the 3d day

of March, 1846, John W. Sutlive caused a *scire facias* to be issued, calling upon Moses H. Alexander, as the administrator of the defendant, to show cause why parties should not be made to the action.

The Judge at the Circuit Court ruled that the suit abated, which judgment being excepted to, was reversed by this Court, (*see* 2 *Kelly*, 81,) and parties ordered to be made,

At April Term, 1847, of Randolph Court, Moses H. Alexander, by his counsel, came into court and pleaded to the writ of *scire facias*, that there was no such record·as the one therein set forth ; and furthermore, that the supposed case therein mentioned, had a-bated by lapse of time, no proceedings having been had thereon since 1843. Judge Warren, on motion of Sutlive's attorney, overruled and disallowed said pleas, whereupon counsel for Alexander ex-cepted.

It is conceded that a *sci. fa.* against bail in civil suits, is an action, and that ordinarily, *nul tiel record*, may very properly be plead thereto. Whether this plea be admissible in the present case is another question. It is objected for the defendant in error, that Alexander having permitted the appearance term of the *sci fa.* to elapse, without putting in his defence as required by the Judiciary Act, that he lost the opportunity of doing so afterwards ; that he took the risk of having the judgment in his favour excepted to and reversed, as was actually done; and that he must abide the consequences. And we are not prepared to say, that the act organizing this Court has repealed, or in any wise modified that part of the statute of 1799, which requires the defence to be made in writing, and at the appearance term of the cause. It would seem, however, that a party should not be called upon to plead to the merits of the action, until it was finally settled whether or not he was a proper party to it ; and inasmuch as the judge below held that he was not, that it would be unreasonable to rule that he should nevertheless have pleaded to the merits.—*Minor* 414, 1 *Blackf.* 77 ; 5 *Wend.* 104. And yet this would not be more anomalous than the rule in equity allowing the defendant to demur, plead and answer, at the same time, at the first term, (*Hotchk.* 953,) nor more irregular, nor a greater deviation from the general order of pleading, than the act of 1818, *(Prince* 442, 443,*)* which authorizes the defendant to avail himself of as many and contradictory pleas as he sees fit. On this point we forbear to express any opinion, merely recommending to parties, out of abundant

caution, the propriety of not neglecting anything which the Judiciary Act imposes.

[1.] The precise point, then, presented and adjudicated by us, is this: can Alexander now deny the existence of the record in this case, having once admitted it by his demurrer, that record having been brought up here, and the facts contained in it stated in one of our published opinions, and reviewed; and it having been solemnly adjudged that he should be made a party to the suit set out in that record? Shall we sanction the legal absurdity of permitting him now to come into court and say by his plea, that it was a mere *speculative* question which we decided, depending on theory, and *terminating in theory*, and that in reality there never was any such suit in court to which he could have been made a party? We think the Judge below did right in discountenancing such a proceeding.

[2.] We are aware that a demurrer admits the facts well pleaded, with a view only of determining their legal sufficiency, and that it cannot be used as an instrument of evidence, in an issue of fact. But there are such things as estoppels by matter of record, and we hold that this is one of them.

[3.] Besides, the effect of the reversal of the former judgment in this case being to overrule the demurrer to the *sci. fa.*, whether Alexander lost his right of pleading under the act of 1799 or not, it would seem to be a matter within the discretion of the Court, to allow or refuse the wish of the demurrant to plead to the merits. If the Court should be satisfied that it was necessary to the attainment of justice, the privilege would be granted. If, on the contrary, it should be of the opinion that it was intended for delay and vexation, it would be denied.—*Minor.* 353, 1 *Bibb.* 144.

We cannot say that this discretion was not exercised wisely in the present instance. And we are the less reluctant in coming to this conclusion, from the fact, that by looking through the whole record, we are convinced that, had the plea been permitted for the purpose of showing that the action was out of court for lack of prosecution, under the doctrine in *Nisbet* vs. *Lawson,* 1 *Kelly,* 275, the plaintiff in error would have taken nothing by his plea.

Judgment affirmed.