BROWN vs. THE STATE OF GEORGIA.

1. The caption of the act of 1881 is "to provide for the collection of the special taxes imposed by law on dealers in spirituous or malt liquors, or intoxicating bitters, and for other purposes." In the body of the act, it is provided that, upon failure to pay such tax, the dealer may be indicted and punished for a misdemeanor:

   *Held*, that such act was objectionable, neither as containing matter different from its title, nor as containing more than one subject-matter.

2. Construing the constitutional prohibition against special laws as to taxation with the provision that taxation shall be uniform upon the same class of subjects, and also with the provision which authorizes a special tax upon the sale of spirituous or malt liquors, there was nothing unconstitutional in the act of 1881.

3. The act of 1881, imposing a special tax on the sale of liquors, is a general law, and not repugnant to the provision of the constitution which provides that no special law shall be passed upon a subject which has been provided for by an existing general law.

4. If it be shown that a person or firm registered as dealers in spirituous or malt liquors, or intoxicating bitters, the presumption would be that they were carrying on the business of dealers therein, and the *onus* of proving the contrary would be upon them.

   (*a.*) There was proof in this case that liquors were sold after the registration, and before the payment of the tax.

   March 4, 1884.

Constitutional Law.   Laws.   Criminal Law.   Before Judge HUTCHINS.   Gwinnett Superior Court.   September Adjourned Term, 1883.

Reported in the decision.

BLACK & ALBERT, for plaintiff in error.

A. L. MITCHELL, solicitor general, by HARRISON & PEEPLES, for the state.

HALL, Justice.

The defendant, who was a registered liquor dealer, was indicted, tried and convicted for selling liquor, after being so registered, and before paying the specific tax required by law. This indictment was framed in pursuance of the act of the general assembly, approved September 15, 1881, entitled "an act to provide for the collection of the special taxes imposed by law on dealers in spirituous or malt liquors, or intoxicating bitters, and for others purposes." Acts 1880–1, p. 42; Code, §809 (g), (h).

1. It is insisted that the act, in so far as it authorizes this prosecution, is in conflict with. art. 3, sec. 7, par. 8, of the constitution of the state, Code, §5067, in two respects: first, that it contains matter different from what is expressed in its title; and secondly, that it refers to more than one subject-matter. It is manifest, from a considera tion of the various provisions of the act, that it has but a single purpose. Its sole object is to provide remedies for the collection of the tax mentioned in its title. It is true that its details are elaborate and minute, but there is nothing in them different from what its title expresses. The indictment for which it provides is only a means to the end for which it was passed. The views of this court upon both these questions have been recently expressed in the case of *Howell vs. The State*, 71 *Ga.*, 224, and to that case we refer as decisive upon these points.

2. It is urged further, that it violates art. 7, sec. 2 par. 1, of the constitution, Code, §5181, in that it is a special law relating to taxation, which is thereby required to be levied and collected under general laws. The former clause of this paragraph requires all taxation to be uniform upon the same class of subjects, and should be construed in connection with the above requirement, as should also art. 8, sec. 3, par. 1, of the constitution, Code, §5206, which expressly authorizes the assessment of a special tax by the general assembly upon the sale of

spirituous and malt liquors, for the support of common schools. Taken together, these clauses of the constitution fully vindicate this wise and salutary legislation, and render unnecessary further suggestion or argument upon the subject.

3. Again, it is contended that this is a special law upon a subject which has been provided for by an existing general law, and is therefore repugnant to art. 1, sec. 4, par. 1, of the constitution, Code, §5027. This suggestion presents a singular confusion of terms, if not of ideas. The very section in question defines laws of a general nature to be such as "have uniform operation throughout the state." This law is certainly confined to no one county or locality, but has operation in every county and locality within the limits of the state where spirituous or malt liquors are sold. See *Howell vs. The State, ut supra.*

4. The court charged the jury that, if defendant and his partner registered, as alleged in the indictment, the presumption was that they were carrying on the business of dealers in spirituous or malt liquors and intoxicating bitters, as a firm or partnership, and if he denies this, it would be incumbent on him to show by witnesses that such was not the case. Upon the words of the act, and analogizing this to an indictment for retailing spirituous liquors without a license, to which it bears an intimate relationship, we are of the opinion there was no error in the charge. In a case for retailing without license, the state is required to show the retailing only; and if the defendant would protect himself from the *prima facie* presumption thus raised against him, he must produce his license. So in this instance, if he would explain the presumption raised to his disadvantage, he should have shown either that he did not sell, or that he had paid the special tax after registering, before doing so. Be this as it may, one thing is clear, there was sufficient proof in this second, uncontradicted, to show that this traffic was carried on between the time of registering and paying the tax. Nearly six months elapsed between these periods—

the registration and the payment of the tax,—and the defendant, in his statement to the jury, impliedly admits his guilt by endeavoring to give a reason—a very lame one, it must be admitted—why he had not complied with the law and paid his tax. He waited for the tax collector to call on and remind him of his duty. The law imposes no such obligation upon that officer, and entrusts him with no such discretion, and wisely withholds from him the power to indulge liquor dealers. Code, §809 (g), (h).

Judgment affirmed.