GRIFFIN vs. THE AUGUSTA & KNOXVILLE RAILROAD.

72 423|
f113 965|
72 423|
114 643|
72 423|
116 879|

1. When this case was first before the court (70 Ga., 164), it was held, in effect, that there was no equity in the bill, and that the complainant had an adequate common law remedy.

2. A demurrer having been filed at the return term of the bill, and at a subsequent term of court an amendment having been made, the demurrer renewed and notice thereof given, it went, not to the amendment, but to the entire bill.

(a.) The failure to give notice of the first demurrer did not work its dismissal.

(b.) An amendment which materially changes a case opens the bill as amended to demurrer or plea, but an immaterial amendment has no such effect.

(c ' The Port Royal and Augusta Railroad Company, having been incorporated by the general assembly of this state, sold under decree of the United States court, and the purchasers having organized themselves into a new corporation under the act of 1876, and filed their certificate of incorporation in the office of the secretary of state, it is not a foreign corporation.

(d.) A demurrer only admits such facts as are well pleaded, and where the bill alleges facts as true which are contradicted by legislative acts and records of which the court is bound to take judicial notice, it cannot hold such facts to be true, and they will not prevent the sustaining of the demurrer.

(e ) This case differs from that in 65 Ga., 614.

April 8, 1884.

Practice in Superior Court. Equity. Demurrer. Rail-

roads. Judicial Cognizance. Before Judge RONEY. Columbia Superior Court. September Term, 1883.

Mrs. Griffin filed her bill, alleging that the Augusta & Knoxville Railroad had taken a strip of land, running across her plantation some two and one-half miles in length, had constructed its road on this strip, had taken timber for cross-ties, had dug earth for cuts and embankments, leaving pits in which the water became stagnant, causing miasma, injuring the drainage, etc. ; that the company was insolvent, had defaulted in the payment of the interest on its bonds, and was endeavoring to lease or dispose of its franchises to parties unknown. The prayer was for an accounting, the payment of damages, and an injunction to prevent the company from disposing of its property or from further taking or using complainant's property until compensation should be paid.

The company answered that the taking of the land was with the consent of complainant, and denied insolvency.

The chancellor refused the injunction, and the case was carried to the Supreme Court, where the judgment was affirmed. (See 70 *Ga.*, 164.)

On the return of the remitter, counsel for defendant announced that there was a demurrer to the bill. This had been filed at the first term, but no notice of it had been given, and counsel for complainant did not know of it. He moved to dismiss it because no notice had been given. The court refused this, and directed that written notice be served, and informed counsel for complainant that he would grant a continuance, if desired. This was declined.

Complainant amended the bill, alleging further default on the part of the defendant in the payment of the interest on its bonds ; that complainant had brought an action at law for damages, but failing to reach court until about half an hour after it was called for trial, for reasons set out, it was dismissed ; that she filed her bill under the ruling in *Chambers vs. Cincinnati & Georgia Railroad,*

69 *Ga.*, 320 ; that in August, 1883, the defendant leased its road, franchises, and all its property to the Port Royal Railroad for ninety-nine years ; that this road, if a Georgia corporation at all, has only five or six miles of road in Georgia, and little, if any, property in the state ; that it is itself leased to the Central Railroad ; and that the latter is about to be leased to the Louisville & Nashville Railroad, a foreign corporation.

Defendant again demurred for want of equity. The demurrer was sustained, and the bill dismissed. Complainant excepted.

SALEM DUTCHER, for plaintiff in error, cited Code, §§4191, 4194, 4200 ; 65 *Ga.*, 51 ; Acts 1821, p. 77 ; Dudley R., 24 ; Hotchkiss, 942 ; 2 *Ga.*, 484 ; Code, (1863), §§4101, 4110 ; Acts 1847, p. 198 ; Code, §§204, 3246–7 ; 27 *Ga.*, 352 ; 32 *Id.*, 257 (2) ; 53 *Il.*, 458 ; 61 *Id.*, 33 ; 65 *Id.*, 652, 657, 724 ; 44 *Id.*, 634 ; 55 *Id.*, 350 ; 58 *Il.*, 184 ; 63 *Id.*, 437 ; *Huff vs. Markham*, 70 *Ga.*, 284, ; *Graham vs. Dahlonega Gold Mining Co*, 71 *Ga.*, 296 ; *Powell vs Cheshire*, 70 *Ga.*, 357 ; 51 *Ga.*, 379, 388 ; Code, §3130 ; 8 *Ga.*, 530 ; Code, §§3085, 3095 ; 31 *Ga.*, 382 ; 6 *Id.*, 157 ; 65 *Id.*, 614 ; Const. 1877, Art. 1, Sec. 3, Par. 1 ; U. S. Charters and Constitutions, 640 (Kansas), 513 (Indiana), 538 (Iowa), 1167 (Missouri), 899 (Maryland) ; 18 Kansas, 386 ; 26 Ind., 393 ; 23 *Il.*, 626 ; 39 Iowa, 340 ; 45 *Id.*, 23 ; 10 *Id.*, 545 ; 64 Mo., 457 ; 15 Md., 199 ; 16 N. Y., 99 ; 73 *Id.*, 579 ; 7 S. & M., 568 ; 3 How. (Miss.), 247 ; 40 Wis., 653 ; 37 Wis., 317 ; 21 Ohio, St., 667 ; 26 Ill., 438.

GANAHL & WRIGHT, for defendant, cited *Griffin vs. Augusta & Knoxville R. R.*, 70 *Ga.*, 164 ; 7 *Id.*, 266 · Code, 4200.

HALL, Justice.

1. This case was before the court, February term. 1883, upon a writ of error sued out because of the refusal of the

injunction prayed, and we then affirmed the judgment, holding, in effect, that there was no equity in the bill, and that the complainant had an adequate common law remedy.

2. It seems that, at the return term of the bill, the defendant demurred to it on both these grounds, but neglected to give notice of the filing of the demurrer to the opposite party. For want of such notice, a motion was made, at the trial term, to dismiss the demurrer, which was overruled by the court, and complainant made an amendment to the bill, upon which the defendant renewed its demurrer upon the same grounds, and this time gave the notice required. The complainant insists that this last demurrer went only to the amendment; in this view, however, we do not concur, our opinion that being there was no necessity for this second demurrer, filed after the amendment was made, inasmuch as the failure to give notice of the first did not work its dismissal under section 4200 of the Code. It will be remarked that the form of notice is not prescribed, and the defendant had notice upon the hearing of the application for injunction; that these grounds of objection would be insisted on; besides an amendment which materially changes the case opens the bill, as amended, to demurrer or plea, but an immaterial amendment has no such effect. Code, §4196. The complainant insisted that this amendment did materially change the bill, inasmuch as it alleged that defendant had leased its entire road to the Port Royal & Augusta Railroad Company, which is a foreign corporation and is itself insolvent. If this statement were true, then would the amendment give to the bill the equity that without it was wanting. 65 *Ga.*, 614. But is the Port Royal & Augusta Railroad Company a foreign corporation? The Port Royal Railroad was incorporated by act of the general assembly of this state, approved December 19, 1859, Pamph. 324, 325, and having been sold under a decree of the circuit court of the United States, it was purchased on the 10th day of July, 1878, by

the Union Trust Company, for the bond holders, and these purchasers organized themselves into a new corporation under the act of February 29, 1876, p. 118, and filed their certificate of organization in the office of the secretary of state of Georgia on the 21st day of July, 1878, as the Port Royal & Augusta Railway Company. Under authority contained in the charters of both companies, the Augusta & Knoxville Railroad Company has been leased to the Port Royal and Augusta Railway Company. This domesticates the corporation to which the defendant company has been leased. It is quite true, as argued, that this is not in accordance with the allegations in complainant's amendment, but contradicts them. Although the demurrer admits the facts as true, it only admits such as are well pleaded. The court cannot hold facts as true, which are contradicted by legislative acts and records, of which it is bound to take judicial notice.

There are other marked differences between this and the case found in 65 *Ga.*, 614. In that, the damage had been assessed, and judgment rendered therefor by a court of law; there were difficulties in the way of the collection of the judgment, and the aid of the court of equity was invoked to remove them. This court held that, under such circumstances, the bill was not open to demurrer, for want of jurisdiction or power to grant the relief prayed. But we conceive that neither this nor any other court would or could hold, that a court of equity would be authorized to take the initiative in the assessment of damages. To aid the collection of a judgment rendered for damages is quite a different matter from taking cognizance of a suit for the recovery of damages. If the defendant company took possession of and is using the lands of complainant without instituting proceedings to ascertain the compensation to which she is entitled, they are mere trespassers, and are liable to be proceeded against as provided by their charter, or to an action of ejectment, or trespass *quare clausum fregit*, or trespass on the case for damages, either

of which is quite as ample a remedy for her grievances as a court of equity can give. It should not be taken for granted that either the defendant, or the company to which it has been leased, would not satisfy the judgment of the court rendered in either of the ·actions here suggested.

Judgment affirmed.