## HARDISON v. THE STATE.

95	337
104	534
95	337
113	756
95	337
114	838
95	337
122	167
95	337
125	783
125	784
126	601

1. Where, on the trial of a misdemeanor, one who had been summoned as a *tales* juror was objected to by the solicitor-general on the ground that the name of the person so summoned was not upon the jury list of the county, and the court thereupon, without objection from the accused, ordered another *tales* juror summoned, which was done and the juror stricken, it is not cause for a new trial that it subsequently appeared that the name of the person first summoned was in fact upon the jury list, especially when that list was accessible to counsel for the accused and might easily have been examined when the objection to the juror was made.

2. It is within the discretion of the trial judge to allow leading questions to be asked witnesses whenever he "deems it to the interest of justice, from the manner of the witnesses."

3. Under the act of December 24, 1890, "to regulate the sale of spirituous, vinous and malt liquors in this State, to fix a penalty for the violation of the same, and for other purposes," it is a misdemeanor to sell such liquors in any quantity, anywhere in this State, without a license. If the selling is done in an incorporated city, town or village, the municipal authorities of which have authority to grant liquor licenses, the license must be obtained from those authorities; if elsewhere, it must be obtained from the

county authorities. In view of the provisions of this act, an indictment alleging that a sale of such liquors was made "without first obtaining a license therefor from the authorities authorized by law to grant license for the sale of such liquors," is sufficient as to the matter of negativing the possession of license by the accused; and although the indictment may further allege that the sale was made "outside of an incorporated town," a failure to prove that the sale was in fact made outside of the limits of such a town is of no consequence, and this latter allegation may be treated as mere surplusage.

4. The evidence and the statement of the accused, taken together, showing beyond controversy that the alleged scheme of distilling corn into whisky for customers "on shares" was a very thinly veiled pretext for selling liquor for money, or bartering it for corn, the court was amply warranted in charging upon the hypothesis that such a pretext existed, and the jury were fully warranted in finding that it did in fact exist.

5. The sentence was not excessive; and even if it were, this would be no cause for a new trial.

January 28, 1895.

Indictment for selling liquor without license. Before Judge HARDEMAN. Crawford superior court. October term, 1894.

M. G. BAYNE, for plaintiff in error. W. H. FELTON, Jr., solicitor-general, by HARRISON & PEEPLES, contra.

LUMPKIN, Justice.

1. In making up the panel of twenty-four from which the jury for the trial of the case was to be stricken, the sheriff had summoned a *tales* juror. The solicitor-general objected to this juror on the ground that his name was not upon the jury list of the county. Counsel for the accused, to whom this jury list was accessible, and who might easily have examined the same, heard the statement made by the solicitor-general, but made no objection to its correctness. The court was therefore authorized to act upon the assumption that the juror's name was not in fact upon the list, and accordingly, to order another *tales* juror to be summoned in his place. This was done; the jury was stricken, and the trial had without further reference to the matter. It afterwards

transpired that the name of the juror who had been excused *was* upon the jury book of the county, and that he was in fact a competent juror.

We are entirely satisfied that excusing this juror, and substituting another in his place, under the circumstances indicated, is no cause whatever for setting the verdict aside. The exercise of very slight diligence on the part of counsel for the accused would have resulted in correcting the mistake made by the solicitor-general. Besides, the court in effect adjudicated that the juror objected to was incompetent, and counsel for the accused by his conduct practically acquiesced in this ruling. After taking the chances of an acquittal by the jury which tried him, the accused is not entitled to another hearing upon that ground of his motion for a new trial which relates to the matter above discussed.

2. At this late day, no argument is necessary to establish the proposition that it is within the sound discretion of the trial judge to allow leading questions to be asked a witness, when the ends of justice would seem to so demand.

3. The penal laws of this State with reference to the sale of liquors without license have been very greatly simplified by the act of December 24th, 1890. (Acts of 1890–1, vol. 1, p. 128.) After a careful examination of all the statutes previously passed upon this subject and a thorough study of the act last mentioned, we have reached the conclusions, as to its meaning and effect, which are stated in the 3d head-note. These conclusions are there set forth with sufficient distinctness to make a repetition of them unnecessary. When the State proves a sale of spirituous, vinous or malt liquors, it need not go further and show whether the sale took place in a city, town or village, or elsewhere. The proof of the sale puts upon the accused the burden of producing his license, if he has one. If he shows a license authoriz-

ing him to sell in a city, town or village, it will protect him as to sales made at such place of business within the limits of the municipal corporation as is specified in the license. A license from the proper county authorities will protect him as to sales made at any place in the county to which that license relates. If he sold any of the prohibited liquors and produces no license at all, a conviction may be had, whether the place of sale was urban or rural.

4-5. The pretense of the accused was, that he did not sell whisky at all; but, so far as the transactions disclosed by the evidence were concerned, was simply engaged in the business of distilling corn into whisky for his customers "on shares." His own statement is quite sufficient to show that he was really selling, and intending to sell, the liquor itself; and the evidence leaves the matter absolutely free from doubt. No person of average intelligence could be deceived as to the real truth of the case. The conviction was right; the fine of $1,000.00 was not excessive, and even if it were, this would be no cause for a new trial. *Judgment affirmed.*