## McGehee v. The State.

Fish, J. 1. One who sells spirituous or intoxicating liquors without a license "from the authorities now authorized by law to grant license for the sale of such liquors" is guilty of a misdemeanor. If a sale of such liquors be made within the limits of a municipality whose corporate authorities have power to grant such license, the seller must produce a valid and subsisting license from such authorities, or else he should be adjudged guilty when tried for selling such liquors without a license. *Hardison* v. *State*, 95 *Ga.* 337.

2. The holder of a license from municipal authorities to sell spirituous or intoxicating liquors can not, though the same may have been lawfully granted, lawfully sell thereunder after such license has been duly revoked. *Melton* v. *Moultrie*, 114 *Ga.* 462.

3. A municipal ordinance or resolution revoking a liquor license is not "unconstitutional and void, in that it works a system of prohibition in [a given city] by special enactment, contrary to the general law known as the 'local option law.'" Such an ordinance or resolution does not inaugurate a system in the county, but the adoption of it is a mere exercise of municipal discretion with which the courts have no authority to interfere.

4. The evidence in this case and the law applicable thereto demanded a verdict of guilty; and this being so, it is immaterial to consider or pass upon grounds of the motion for a new trial alleging error in the court's charges or refusals to charge the jury.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*

Argued February 17, — Decided March 10, 1902.

Accusation of selling liquor. Before Judge Covington. City court of Moultrie. January 9, 1902.

*John C. Chason* and *Estes & Jones*, for plaintiff in error.
*J. D. McKenzie*, solicitor, contra.