### 2870.   LOH *v.* MAYOR AND COUNCIL OF MACON.

1. A municipal ordinance imposing a license tax upon agents of non-resident corporations which manufacture for sale an article of commerce, but without imposing any supervision, regulation, or restriction upon such sale in aid of the public health, public peace, or public morality, places a burden upon interstate commerce, and is in violation of the constitution of the United States.
2. The mere imposition of a license tax on a business not of itself noxious is not sufficient to support the inference that the tax was imposed for the purpose of regulation. To support the presumption that regulation was the purpose of a municipal ordinance imposing a license tax, there must be some provision for an inspection, supervision, or control of the traffic to be affected, or the ordinance will be treated as a mere revenue measure.

DECIDED FEBRUARY 7, 1911.

Certiorari; from Bibb superior court—Judge Felton. June 25, 1910.

*Roland Ellis, Jesse Harris,* for plaintiff in error.

*Andrew W. Lane,* contra.

RUSSELL, J. Loh, the plaintiff in error, was found guilty of violating an ordinance of the City of Macon which imposes a tax

of $1,000 upon agents, traveling salesmen, local persons, firms, or corporations taking orders in the City of Macon for the sale of "near beer," and providing a penalty for violation of the same. The evidence in the recorder's court was practically without conflict. It appears that Loh is the president of a corporation, known as Beddingfield Company, engaged in business in Jacksonville, Florida, and is the agent for Piel Brothers, a firm or corporation of the State of New York, engaged in that State in the manufacture and sale of "near beer." The evidence in behalf of the City of Macon was that Loh took orders for the purchase of "near beer" and forwarded them either to Beddingfield Company, at Jacksonville, Florida, or to Piel Brothers, at Brooklyn, N. Y. The shipment, however, was made directly to the purchasers in Macon, and delivery to the purchasers was made by the railroad companies without any intervention or control on the part of Loh. In paying for the "near beer," Loh's customers sometimes settled the bills with him, but frequently remitted direct either to Beddingfield Company, at Jacksonville, or to Piel Brothers, at Brooklyn. All of the bills were made payable to Beddingfield Company or to Piel Brothers, and all receipts of payments were acknowledged in their name, even if payment was made to Loh, or to Gillespie, his clerk. It is not disputed that while Loh did not solicit orders, he took orders and forwarded them; nor was there any denial of the fact that the goods ordered through Loh were in every instance shipped either from Jacksonville, Florida, or Brooklyn, New York, directly to the purchaser. The question presented, then, by the writ of error is whether it was in the power of the mayor and council of the City of Macon to enact and enforce the ordinance in question; and, as subsidiary to this, the inquiry naturally suggests itself as to whether the ordinance in question is a matter of police regulation, or merely a revenue measure. If the ordinance was passed as a matter of regulation, and in the interest of the public health, public peace, or public morality, we think it would be valid even though it might impose a burden upon interstate commerce, and though it might at the same time partake somewhat of the nature of a revenue measure, and incidentally be the means of raising revenue for the municipality. There is no question in our mind that this would be true if the article to be sold was an

intoxicating liquor; because, by the terms of the Wilson act of 1890 (c. 728, 26 Stat. 313, U. S. Comp. Stat. 1901, p. 3177), the States are given such ample power as virtually excepts intoxicants from the operation of the interstate-commerce clause of the Federal constitution. The ordinance in question, however, relates solely to "near beer," which we judicially know does not intoxicate. This court defined "near beer" in *Campbell* v. *Thomasville, 6 Ga. App.* 212 (64 S. E. 815), to be "a term of common currency used to designate all that class of malt liquors which contain so little alcohol that they will not produce intoxication, though drunk to excess; and includes in its meaning all malt liquors which are not within the purview of the general prohibition law." It must be assumed that when the city council of Macon considered and passed the ordinance now in question, they did not intend to disregard or violate the general prohibition law. The city council could neither license nor regulate the sale of any intoxicant, because of the passage of the general prohibition law of 1907. The effect of this ordinance, therefore, is merely arbitrarily to impose a tax upon an article of interstate commerce manufactured and shipped from beyond the limits of this State. If the beverage in question is intoxicating, the city would undoubtedly have the right to pass the ordinance, although it might raise revenue for the city as a matter of public regulation; because the harmful tendencies of such a beverage are well understood. However, "near beer" being a non-intoxicating liquor and a legitimate subject of commerce, the mere imposition of a license tax can not be assumed to be for the purpose of regulation or control. In the ordinance in question there is no attempt at control, or regulation, or restriction, or the exercise of any discretion on the part of the municipality in the issuance of the license. The only requisite to obtain permission to take orders is the payment of $1,000. The ordinance, therefore, must be classed plainly as a revenue measure.

"A manufacturer of goods, which are legitimate subjects of commerce, who carries on his business of manufacturing in one State, can send an agent into another State to solicit orders for the products of his manufactory, without paying to the latter State a tax for the privilege of thus trying to sell his goods." *Brennan* v. *Titusville*, 153 U. S. 287 (14 Sup. Ct. 829, 38 L. ed. 719). And, of course, if a non-resident manufacturer can send an agent

into a State, he can employ one who is already in that State. As we see it, the whole case turns on the fact that the liquor is judicially known to be non-intoxicating; which takes it out of the scope of the Wilson act.

The mere imposition of a license tax is not sufficient to support the inference that the tax was imposed for the purpose of regulation. There should be some provision for an inspection, supervision, or control of the traffic. Of course, if "near beer," as understood by the city council of Macon, is an intoxicating liquor, the ordinance would be nugatory, because the municipality has not the power to license the sale of intoxicating liquors since the passage of the general prohibition law. For these reasons, we think the judge of the superior court erred in refusing to sanction the certiorari. The record shows that the ordinance in question sought to make this class of business pay a certain tax for the general revenues of the city without regard to matters of health, peace, or public morality. . "Whatever may be the reason given to justify, or the power invoked to sustain, the act of the State, if it is one which trenches directly upon that which is within the exclusive jurisdiction of the national government, it can not be sustained. The police power can not be set up to control the inhibitions of the Federal constitution or the powers of the United States created thereby." Brennan v. City of Titusville, supra. See also Crutcher v. Kentucky, 141 U. S. 47 (11 Sup. Ct. 851, 35 L. ed. 649) ; Mugler v. Kansas, 123 U. S. 623 (8 Sup. Ct. 273, 31 L. ed. 205) ; Reid v. Colorado, 187 U. S. 137 (23 Sup. Ct. 92, 47 L. ed. 108).

*Judgment reversed.*