### 4510.  WILLIAMS *v.* THE STATE.

1. Proof that a person had in his possession a pistol may be shown circumstantially, as well as by direct evidence. Testimony that a person shot another, that the noise of the explosion was that ordinarily made by a pistol, and that immediately thereafter a hole was discovered in the body of the person shot, which was such as would ordinarily be made by a pistol bullet, was sufficient to authorize a finding that at the time the shot was fired the person shooting had a pistol in his possession.
2. On the trial of an indictment under the provisions of the act approved August 12, 1910 (Acts 1910, p. 134), prohibiting the carrying of a pistol without a license, the State makes out a prima facie case by proof of possession of the pistol not at the home or place of business of the accused. If the accused has obtained a license under the provisions of that act, the burden is on him to produce it.
3. The venue of the offense was sufficiently proved.

DECIDED DECEMBER 21, 1912.

Conviction of carrying pistol without license; from city court of Madison—Judge Anderson.  October 19, 1912.

*E. W. Butler,* for plaintiff in error.

*A. G. Foster, solicitor, F. C. Foster,* contra.

POTTLE, J.  1.  The accused was convicted of having in his possession a pistol without a license, in violation of the act approved August 12, 1910 (Acts 1910, p. 134). He contends that his conviction is unsupported by evidence, because no witness testified that he saw the pistol, and the conviction rests solely upon testimony that the accused shot another person with a weapon which the witnesses testified they knew to be a pistol, from the sound that the explosion made. It is urged that this evidence is too inconclusive to authorize a conviction. It appears that the accused and the person who was shot were involved in an altercation in a lodge room, that the deceased used insulting language towards the accused, and that the accused shot him. All of the witnesses who

were present in the lodge room testified to the shooting, and to the fact that the accused did it, and all agreed that the noise of the explosion and the hole which was afterwards found in the body of the dead man indicated that the shot came from a pistol. This evidence was sufficient to authorize the finding that the accused had the pistol in his possession at the time the shot was fired.

It is further contended that it would not be a violation of the act of 1910, supra, if one suddenly acquired the possession of a pistol for the purpose of defending himself. We agree with this general statement of the proposition, but it has no application to the facts of the present case. There is nothing to indicate that the accused suddenly got possession of a pistol belonging to some one else for the purpose of defending himself. In the first place, there is nothing to show that any necessity arose for defense with a deadly weapon; and, in the second place, the evidence all points circumstantially to the conclusion that the accused brought the pistol to the lodge room with him, either in a hand satchel which he had with him, or in his pocket. Just where the pistol came from no witness was able to say, but the testimony authorizes the conclusion that the accused did not suddenly obtain the pistol from some place in the lodge room for the purpose of defending himself, but that he had it somewhere on his person all the while.

2. The court declined to charge, on request, that the burden was on the State to prove that the accused had not obtained a license as required by the act of 1910. It has been several times held by the Supreme Court that under an indictment charging the sale of intoxicating liquors without having obtained a license so to do, the State made out a prima facie case by showing the sale, and the burden was then shifted to the accused to show that he had a license. *Brown* v. *State,* 73 *Ga.* 38; *Hardison* v. *State,* 95 *Ga.* 337 (22 S. E. 681); *McGehee* v. *State,* 114 *Ga.* 833 (40 S. E. 1004). The principle of these decisions is controlling. Its application to the present case would require the State to prove only that the accused had a pistol in his manual possession outside of his own home or place of business. The burden would then be shifted to him to show that he had obtained a license from the ordinary, as required by the act of 1910. *Blocker* v. *State,* ante, 81.

3. In the motion for a new trial error is also assigned upon the ground that the venue was not proved. One of the witnesses for

the State testified that on a day named, which was within two years prior to the finding of the indictment, the accused was "at our lodge at Mount Zion in Morgan county, Kingston district." From the testimony of this witness, as well as that of other witnesses, it appeared that the accused had the pistol at the time and place referred to; and this was sufficient proof of the venue.

*Judgment affirmed.*