## BENNETT v. PUBLIC SERVICE COMMISSION OF
## GEORGIA et al.

1. A commission issued by the Governor to a duly elected member of the Public Service Commission of this State, in which the term of such officer is stated to commence on a designated date, is not conclusive evidence of the right of such officer to be inducted into office on such designated date, and does not prevent the courts from looking behind the commission and determining, in a proper case, when the term of such officer legally begins. When such officer in his petition for mandamus, brought to require the other members of the Public Service Commission to permit him to enter upon the discharge of his duties as a member of that body, alleges that his term commenced on the date designated in his commission, a demurrer to such petition does not admit the truth of such allegation; and when the time of the commencement of the term of such officer is fixed by statute, the latter will prevail over such allegation, demurrer to the petition being the proper remedy to raise and have such question adjudicated.

2. Section 3 of the act of August 19, 1918 (Acts 1918, p. 154), as amended by the act of August 15, 1921 (Acts 1921, p. 232), which undertakes to fix the term of a member of the Public Service Commission as beginning on the first day of January next succeeding his election, is unconstitutional and void, because in conflict with article 3, section 7, paragraph 8, of the constitution of this State, which declares: "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." This being so, the term of plaintiff, who was elected a member of the Public Service Commission of this State at the general election in November, 1924, is fixed by section 2616 of the Civil Code (1910), and begins on December 1, 1925.

3. The court below did not err in sustaining the demurrer to the petition.

   No. 4774. MARCH 21, 1925. REHEARING DENIED APRIL 24, 1925.

Petition for mandamus. Before Judge Bell. Fulton superior court. February 14, 1925.

*John W. Bennett, R. B. Blackburn, Walter R. Brown,* and *J. Herman Milner,* for plaintiff.

*W. E. Watkins* and *Little, Powell, Smith & Goldstein,* for defendants.

HINES, J. At the general State election held on November 4, 1924, O. R. Bennett was elected a member of the Public Service Commission of this State. Thereupon the Governor of this State issued to him a commission in writing, commissioning him as a member of said Commission for a term of six years commencing January 1, 1925, and expiring January 1, 1931. Bennett took the oath of office and qualified as a member of said Commission. Upon the morning of January 1, 1925, Bennett presented himself, with

his commission, at the office of the Commission to enter upon the discharge of his duties as a member of that body. He occupied a room and desk in the office of the Commission at the State Capitol, "in the exercise of his functions and in the performance of the duties devolving upon him as a member of said Commission up to January 7, 1925," when the chairman of said Commission undertook to convene said Commission in special session. At that time Bennett was temporarily out of the city, and was without official notice of any intention to call said Commission in special session, and without any official information as to what was contemplated to be done at said meeting. Upon his return to Atlanta Bennett reported to the office of said Commission for duty, and was informed that during his absence the Commission had, at a special session, by a majority of its members, decided not to recognize him as a legally constituted member of said Commission; and he was and has been denied the right to participate in any of the deliberations of the Commission.

Thereupon Bennett filed his petition against the Public Service Commission, Paul B. Trammell as chairman of said Commission, and Paul B. Trammell, Walter R. McDonald, James D. Price, and James A. Perry, as members of said Commission, in which he alleged the facts hereinbefore stated. He further alleged that the act of the chairman in calling said Commission together in special session without official notification to him was contrary to law, exceeded the powers of said chairman and said Commission, and was null and void. He further alleged that said act of said Trammell, as a member and as chairman, and the act of the other members of the Commission who participated in said meeting, was without warrant or authority of law, and that said chairman and said members are now acting contrary to law and without authority of law in refusing and denying him the right to sit as a member in the sessions of said Commission, in refusing to give him any voice in the acts and doings of said Commission, and in wrongfully prohibiting him from performing any of the duties devolving upon him as a member of said Commission. He further alleged that all the acts of said chairman of said Commission and the several members thereof as heretofore stated are trespasses against his rights, and that such conduct of the chairman and members exceeds their powers and is null and void. The petition further

states, that, under the law as it is now in force, the Public Service Commission is required to consist of five members; that petitioner is entitled to be recognized as one of its members, having received his commission and having been duly elected and qualified; that he is now being wrongfully and without authority denied the right to discharge his official duties; and that such unlawful denial makes it impossible, as a matter of law, for the Commission to legally function. He prayed that the court issue a mandamus requiring the Commission and its members to admit him to sit as a member of said Commission and to enter upon the discharge of the duties, and to allow him the privileges incident to the office to which he had been duly elected, qualified and commissioned. Attached to the petition is a copy of the commission issued by the Governor to the petitioner on November 28, 1924, and the oath of office taken by him on said date.

To the petition the defendants demurred on the grounds: (1) that the same sets out no cause of action; (2) that it affirmatively appears from the facts set out in the petition, and from matters of which the court will take judicial cognizance, that the term of office of the petitioner does not commence until December, 1925; (3) that the act of 1918 (Ga. Laws 1918, p. 154), as amended by the act of 1921 (Ga. Laws 1921, p. 232), and particularly the third section of said act of 1918 as thus amended, whereby it is purported to change the term of office of certain officers, is unconstitutional and void, for the reasons that said third section of said act is in conflict with article 3, section 7, paragraph 8, of the constitution of this State, wherein it is provided that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof;" and (4) that the proper proceeding to try petitioner's title to this office is by an information in the nature of a quo warranto, and not by mandamus. The trial judge sustained this demurrer and dismissed the petition; but held that mandamus was a proper remedy for the assertion of the rights claimed by the petitioner. To the judgment dismissing the petition the petitioner excepted.

1. We can not agree to the contention of counsel for petitioner that, under the facts set out in the petition, petitioner was entitled to take his seat as a duly elected member of the Public Service

Commission of this State on January 1, 1925. This contention is based upon the fact that the Governor commissioned petitioner for the term of six years, commencing January 1, 1925, and that this commission is final and conclusive, upon demurrer, as to the time when his term of office begins. The commission of the Governor has no such force and effect. As was said in *State ex rel. Low* v. *Towns,* 8 *Ga.* 360, "we can not assent to the proposition, that the mere *ministerial* act of the Governor, issuing a commission to an individual, shall be *conclusive* evidence of his right and title to the office which he claims under it, and that the courts have no power or authority to look behind the commission, and adjudicate the rights of the parties claiming the office, under the constitution and laws of the State." This principle has been followed many times by this court, as will appear from the following cases: *Hardin* v. *Colquitt,* 63 *Ga.* 588; *Corbitt* v. *McDaniel,* 77 *Ga.* 544 (2 S. E. 692) ; *Ginn* v. *Linn,* 83 *Ga.* 180 (9 S. E. 784) ; *Hathcock* v. *McGouirk,* 119 *Ga.* 973 (47 S. E. 563) ; *McCants* v. *Layfield,* 149 *Ga.* 231 (99 S. E. 877). When the commencement of a term of office is fixed by statute and the commission issued by the Governor fixes a different date therefor, the statute and not the commission determines the commencement of the term. *Mc-Cleskey* v. *Zimmer,* 144 *Ga.* 834 (88 S. E. 188). A demurrer admits only such facts as are well pleaded. *Alexander* v. *Sutlive,* 3 *Ga.* 27; *Carter* v. *Anderson,* 4 *Ga.* 516; *Griffin* v. *Augusta &c. Railroad,* 72 *Ga.* 423 ; *Graham* v. *Marks,* 98 *Ga.* 67 (25 S. E. 931) ; *Sasser* v. *Adkins,* 108 *Ga.* 228, 231 (33 S. E. 881) ; *Williams* v. *Stewart,* 115 *Ga.* 864 (42 S. E. 256). It is well settled that a demurrer does not admit opinions or conclusions of the pleader. *Southern Ry. Co.* v. *Covenia,* 100 *Ga.* 46 (29 S. E. 219, 40 L. R. A. 253, 62 Am. St. R. 312). Nor does a demurrer admit conclusions of law. *Graham* v. *Marks; Williams* v. *Stewart,* supra. Nor does a demurrer admit conclusions of fact where the facts are not averred upon which such conclusions are supposed to rest. *Graham* v. *Marks,* supra. Where a petition alleges facts as true which are contradicted by legislative acts and records of which the court is bound to take judicial notice, such facts can not be held to be true, and they will not prevent the sustaining of a demurrer to the petition. *Griffin* v. *Augusta &c. Railroad,* supra.

The commencement of the term of an office is generally a ques-

tion of law to be determined by the court; and when the term fixed by law is different from that alleged in the petition, demurrer is the proper remedy to determine the question. When the right of the plaintiff to the relief sought depends upon the time when his term of office begins, the court will dismiss his petition on demurrer when the law fixes a date for the commencement of the term which is different from that alleged in his petition.

2. The question in this case is when does the term of office of the petitioner begin—on January 1, 1925, or on December 1, 1925? By section 2616 of the Civil Code of 1910, the petitioner was elected for a full term of six years from December 1, 1925, unless this section has been changed by subsequent legislation. On August 19, 1918, the legislature passed "An act to prescribe the manner in which the returns of elections for Secretary of State, Treasurer, Comptroller-General, and all other State-House officers, who are to be commissioned by the Governor, shall be made, and for other purposes." By the first section of this act it is provided "That the returns for every election for Secretary of State, Treasurer, and Comptroller-General shall be sealed up by the managers separately from the other returns and directed to the President of the Senate and Speaker of the House of Representatives, in the same manner and at the same time that the returns for the election of Governor are made, and shall be transmitted to the Secretary of State, who shall, without opening the same, cause the same to be laid before the Senate on the day after the two Houses shall be organized, and at the same time the returns for the election of Governor are laid before the Senate, and they shall be transmitted by the Senate to the House of Representatives." Section 2 of this act declares "That the returns of the election of every other officer, where the returns are required to be made to the Secretary of State, shall be sealed up in a separate package and transmitted to the Secretary of State, whose duty it shall be to open the returns, consolidate the vote and declare the result, and certify to the Governor the names of the persons elected, and the Governor shall issue commissions to such officers as shall appear from the certificate of the Secretary of State to have been elected." Section 3 of this act declares "That the terms of the officers last mentioned shall commence on the first day of January next after they are elected." Ga. Laws 1918, p. 154.

13

On August 15, 1921, the legislature amended the above act of August 19, 1918, by inserting in lieu of section 2 of the latter act the following: "That the returns of the election of every civil officer, who is to be commissioned by the Governor, shall be sealed up in a separate package and transmitted to the Secretary of State, whose duty it shall be to open the returns, consolidate the vote and declare the result, and certify to the Governor the names of persons elected, and the Governor shall issue commissions to such officers as shall appear from the certificate of the Secretary of State to have been elected." Ga. Laws 1921, p. 232. Thus the term of every civil officer, who is to be commissioned by the Governor, is made by this act to commence on the first day of January next after his election. If section 3 of said act of 1918 were valid and constitutional, the term of office of plaintiff commenced on January 1, 1925; but in *McGregor* v. *Clark,* 155 *Ga.* 377 (116 S. E. 823), a majority of this court held that this section of the act of 1918 was void because in conflict with article 3, section 7, paragraph 8, of the constitution of this State, which provides: "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." The majority of the court still holds to this ruling. This being so, the term of office of a member of the Public Service Commission of this State, as prescribed in section 2616 of the Civil Code of 1910, has not been changed. It follows that the term of office of the petitioner, in the view of the majority, does not begin until December 1, 1925; and this is so whether he is a State-House officer or not. From the opinion of the majority on this point the writer dissents for the reasons stated by him at the end of this opinion.

3. The rulings above made render it unnecessary to determine any other question raised in the discussion of this case, and it follows from these rulings that the judgment of the court below sustaining the demurrer to the petition should be affirmed.

*Judgment affirmed. All the Justices concur, except Hines, J., dissenting from the rulings in the second and third headnotes.*

HINES, J. In *McGregor* v. *Clark,* 155 *Ga.* 377 (supra), I dissented, but wrote nothing. I think it is proper for me to state the grounds of my dissent and my reasons therefor so far as applicable to this case. In the first place, I was, and still am, of

the opinion that the Commissioner of Pensions is a State-House officer. This question is not involved in the instant case. In the second place, I was, and still am, of the opinion that the third section of the act of August 19, 1918, was not unconstitutional and void for the reasons assigned by the majority in that case. The caption of the act of August 19, 1918, is as follows: "An act to prescribe the manner in which the returns of elections for Secretary of State, Treasurer, Comptroller-General, and all other State-House officers, who are to be commissioned by the Governor, shall be made, and for other purposes." In my opinion, section 3 of this act does not refer to more than one subject-matter, and does not contain matter different from what is expressed in the above caption. The act deals with the manner in which returns of elections of the officers named are to be made. The officers referred to are those who are to be commissioned by the Governor. In a general way this act deals with the election of these officers. The manner of making these returns and the terms of the officers to be commissioned by the Governor are not different subject-matters. They constitute one subject-matter. A subject-matter may be simple or complex. Complexity of subject-matter does not create two subject-matters. The subject-matter of an act may be specific or general. Generality of subject-matter does not render an act unconstitutional. If there is only one general subject-matter, the law is not open to the objection of plurality of subject-matters because it enters into details, provided all parts of the law have a natural connection and relate to the main object of legislation. *Allen* v. *Tison,* 50 *Ga.* 374; *Black* v. *Cohen,* 52 *Ga.* 621; *Churchill* v. *Walker,* 68 *Ga.* 681; *Hope* v. *Mayor &c. of Gainesville,* 72 *Ga.* 246; *Smith* v. *Bohler,* 72 *Ga.* 546; *Brown* v. *State,* 73 *Ga.* 38; *Spier* v. *Morgan,* 80 *Ga.* 581 (5 S. E. 768); *Welborne* v. *State,* 114 *Ga.* 793 (6) (40 S. E. 857). All provisions which are germane to the general subject-matter embraced in the title of an act may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words, "for other purposes." *Morrison* v. *Cook,* 146 *Ga.* 570 (91 S. E. 671). One subject is germane to another when the former is close of kin, appropriate or relevant to the latter. The fixing of the commencement of the terms of public officers is germane to the method of making the returns of their elections. Tenure is the ripe fruit of such elec-

tions. The fixing of the terms of such officers is, to say the least, germane to the making of the returns of such elections. If follows that the body of an act fixing the terms of such officers and the method of making the returns of their elections does not embrace two subject-matters.

If the caption of this act had been declared to be to provide the manner of making the returns of the elections of the officers named, and to prescribe the commencement of their terms, the provisions of this act would hardly strike any one as containing separate, independent, and incongruous subject-matters. I shall undertake to show that, as the caption of this act embraces the general clause, "and for other purposes," it in effect embraces both of the above purposes. So I am of the opinion that this act does not include two subject-matters in the sense in which the term "subject-matter" is used in this provision of our State constitution.

Does the body of the act contain matter different from what is expressed in its title? Where the title of an act specifies some of the objects for which the act was passed, and contains the general clause, "and for other purposes," portions of the act not specially indicated in the title are nevertheless good under this general clause. *Martin* v. *Broach,* 6 *Ga.* 21 (50 Am. D. 306) ; *Black* v. *Cohen,* 52 *Ga.* 621; *Goldsmith* v. *Rome R. Co.,* 62 *Ga.* 473; *Butner* v. *Boifeuillet,* 100 *Ga.* 743 (28 S. E. 464) ; *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247). So I am of the opinion that where the title of an act specifies one purpose and concludes with the words, "and for other purposes," the legislature can embrace in the body thereof any matters which can be dealt with in one act. In *Goldsmith* v. *Rome R. Co.,* supra, Judge Bleckley well said: "It would be improper to give to constitutional provisions of this kind a too rigorous and technical construction; for if, in applying them, we should follow the rules of a nice and fastidious verbal criticism, we would often frustrate the action of the legislature without fulfilling the intention of the framers of the constitution." I agree fully with this sentiment; and in view of the familiar principle that an act of the legislature should not be declared unconstitutional and void unless its conflict with some provision of the constitution is so plain and palpable as to leave no doubt of its constitutional invalidity, I am of the opinion that the act of August 19, 1918, neither embraces two subject-matters nor any

matter which is different from that embraced in its title. This being so, I am of the opinion that the terms of the members of the Public Service Commission of Georgia begin on January 1st next after their election, and not on the first day of the following December; and that for this reason, the court below erred in sustaining the demurrer to the petition. However, I yield gracefully to the ruling of the majority which affirms the judgment of the court below.