## MOORE v. DUGAS et al.

HINES, J.   1. By section 6 of the charter of the City of Dahlonega, the managers of an election for mayor in that city are required to count the ballots, consolidate the returns of said election, and certify the same. They are required to keep two lists of voters, and two tally-sheets, and to make certificate of the result on each tally-sheet, and place one of said lists of voters and one of said tally-sheets, together with the ballots, in an envelope or box, and seal the same and deposit it with the clerk of the superior court of Lumpkin County. They are required to file the other list of voters and tally-sheet with the clerk of the city council, for delivery to and inspection by said city council, who shall meet within five days after said election is held, and declare the result of the same. Acts 1899, p. 146 et seq.

2. Whenever any contest arises over an election of a mayor of a municipality, the same shall be filed with and heard and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor. Civil Code, § 125.

3. The declaration by the city council of the result of an election for mayor of the City of Dahlonega, under the above provision of its charter, is not final and conclusive, and does not prevent the defeated candidate from contesting the election of a rival candidate under the above provision of the Civil Code. *Low* v. *Towns*, 8 *Ga.* 360; *McCants* v. *Layfield*, 149 *Ga.* 231 (99 S. E. 877); *Bennett* v. *Public Service Commission*, 160 *Ga.* 189 (127 S. E. 612).

4  No ordinary can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity or affinity, nor of which he has been of counsel, nor in which he has presided in any inferior judicature when his ruling or decision is the subject of review, without the consent of all the parties in interest. Civil Code, § 4642.

(a) The above statutory grounds of disqualification of an ordinary are exhaustive, and the fact that the ordinary is a partisan of the contestant does not disqualify such officer from presiding in the contest of the mayor's election. *Elliott* v. *Hipp*, 134 *Ga.* 844 (68 S. E. 736, 137 Am. St. R. 272, 20 Ann. Cas. 423).

(b) Prejudice or bias, not based on interest, will not disqualify the ordinary from presiding in such a contest. *Tibbs* v. *Atlanta*, 125 *Ga.* 18 (53 S. E. 811); *Beavers* v. *Armistead*, 156 *Ga.* 833 (5) (120 S. E. 526).

5. The writ of injunction can not be made directly or indirectly the method of trying the title to a public office. *Tupper* v. *Dart*, 104 *Ga.* 179 (30 S. E. 624).

6. Applying the above principles, the trial judge did not err in refusing to grant an interlocutory injunction restraining the ordinary and the contestant from proceeding with the contest.

*Judgment affirmed.   All the Justices concur.*

*Wheeler & Kenyon,* for plaintiff.  *Jones & Reid,* for defendants.