31126. WILLIAMS *v.* THE STATE.

DECIDED FEBRUARY 2, 1946.

*Claude V. Driver,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general, W. A. Foster Jr.,* contra.

GARDNER, J. ■ The indictment is based on the act of 1935

(Ga. L. 1935, pp. 73, 81). That act was an amendment of the act of 1915 (Ga. L. Ex. Sess. 1915, p. 77). The act of 1915 was an act to amend the act approved August 6, 1907 (Ga. L. 1907, p. 81), generally known as "the bone-dry law." The act of 1935 as amended by the act of 1937 (which last amendment is not here material) will be found in the Code, §§ 58-701—58-725. The burden of the argument of counsel for the plaintiff in error presses around the contention that the word "beer" is wholly insufficient under the revenue act of 1935 to charge the accused with the violation of any law—that the allegations of the indictment are too general; that the use of the word "beer" is too vague and indefinite, since the act specifies the beverages in the Code to mean "fermented beverages made whole or in part from malt or any similar fermented beverage." To use counsel's own words, he expresses himself upon this issue thus: "It is not all beer that is regulated by law, it is not all beer that is intoxicating. There are many beers that are not intoxicating, nor are they malted or fermented, such as persimmon beer, spruce beer, root beer, ginger beer, California beer, and many others, which there are no regulations on. I most earnestly insist that the allegations must allege and show in the face of it, that the beer alleged to have been sold is one of the beverages . . the sale [of which] is regulated by law. This indictment just makes the flat allegation of 'did sell and barter beer,' which I say is no allegation which is a violation of the law. The indictment does not allege that it was such beer as [was] malted, or intoxicating, or such beer as is prohibited, or such beer as requires a license from the governing authority of the county or city in order to deal in same. There are some beers that the law takes judicial cognizance of the fact that they are intoxicating, such as near beer, and lager beer, but this indictment don't allege that much, unless the word 'beer' is to be looked upon by the eyes of the law as evil, and to be construed as evil, and of a bad character, disgraceful to mankind and the human race, wholly and entirely without reputation respectable to civilization."

In determining this question it is necessary to examine the context of all the acts of the General Assembly on the subject, including the original act of 1907, supra. The other subsequent acts are but amendatory of this act. In the outset we might say that, under the Code, § 102-102(1), "The ordinary signification shall

be applied to all words," with certain exceptions which follow. The word "beer" is not among these exceptions. This court, in one of its early decisions (*Campbell* v. *Thomasville*, 6 *Ga. App.* 212, 225(2), 64 S. E. 815, 821), when it had under consideration the act of 1907, supra, Judge Powell speaking for the court, had this to say: "Also, at the beginning of the opinion, we may as well introduce to bench and bar this new recruit in the ranks of that army of subjects which are wont to trouble the courts, 'near beer,' and give its name a place in the roll of judicial definitions. 'Near beer' is a term now of general currency in this State, and perhaps elsewhere, used to designate any and all of that class of malt liquors which contain so little alcohol that they will not produce intoxication, even though drunk to excess. It includes all malt liquors which are not within the purview of the general prohibition law."

We think that we may well paraphrase this definition of "near beer" and apply it here to beer, so that the definition of beer is to be: "Beer" is a term now of general currency in this State, and perhaps elsewhere, used to designate any and all of that class of malt liquors within the purview of the general revenue act of 1935. See, in this connection, *Loh* v. *Macon*, 8 *Ga. App.* 744, 746 (70 S. E. 149); *Cassidy* v. *State*, 10 *Ga. App.* 123, 128 (72 S. E. 939). Reasoning from here, it follows that it was not necessary to allege the particular kind of beer. In *Hancock* v. *State*, 114 *Ga.* 439, 443 (3) (40 S. E. 317), it was said: "It is now well settled that an indictment charging the unlawful sale of intoxicating liquors need not specify the kind . . sold."

We therefore conclude that on this point the court did not err in overruling the demurrer.

■ We will discuss one other question which is argued. It is contended that the indictment fails to allege that the sale took place outside the incorporated limits of any municipal corporation. It is contended that, so far as the indictment shows, the defendant might have had a permit from an incorporated municipality to deal in beer. This contention is based upon the provisions of the act that, if the business of selling beer is proposed to be carried on within the corporate limits of a municipality, the application must be made to and the permit obtained from the governing authorities of such municipality and, if such business

is to be located outside of a municipality, the application must be made to and permission obtained from the governing authorities of the county.

A similar question was before the Supreme Court in *Hardison* v. *State,* 95 *Ga.* 338, 339 (3) (22 S. E. 681). By analogy, the principles there decided are applicable to the question now before us. The court said: "Under the act of December 24, 1890, 'to regulate the sale of spirituous, vinous, and malt liquors in this State, to fix a penalty for the violation of the same, and for other purposes,' it is a misdemeanor to sell such liquors in any quantity, anywhere in this State, without a license. If the selling is done in an incorporated city, town, or village, the municipal authorities of which have authority to grant liquor licenses, the license must be obtained from those authorities; if elsewhere, it must be obtained from the county authorities. In view of the provisions of this act, an indictment alleging that a sale of such liquors was made 'without first obtaining a license therefor from the authorities authorized by law to grant license for the sale of such liquors,' is sufficient as to the matter of negativing the possession of license by the accused; and although the indictment may further allege that the sale was made 'outside of an incorporated town,' a failure to prove that the sale was in fact made outside of the limits of such a town is of no consequence, and this latter allegation may be treated as mere surplusage." In the instant case the indictment alleged that the accused bartered and sold beer in Haralson County without having obtained a permit from the governing authority of that county. If the evidence had showed that the sale was made in a municipality, and that the accused had obtained a permit to sell beer from the governing authority of such municipality, he could have urged that as a defense, but such question, under the allegations of the indictment before us, could not be raised by demurrer. This principle has been dealt with by the appellate courts of this State in several decisions. We quote from *Williams* v. *State,* 12 *Ga. App.* 84 (2) (76 S. E. 785): "The court declined to charge, on request, that the burden was on the State to prove that the accused had not obtained a license as required by the act of 1910. It has been several times held by the Supreme Court that, under an indictment charging the sale of intoxicating liquors without having obtained a license so

to do, the State made out a prima facie case by showing the sale, and the burden was then shifted to the accused to show that he had a license. *Brown* v. *State,* 73 *Ga.* 38; *Hardison* v. *State,* 95 *Ga.* 337 (22 S. E. 681); *McGehee* v. *State,* 114 *Ga.* 833 (40 S. E. 1004). The principle of these decisions is controlling. Its application to the present case would require the State to prove only that the accused had a pistol in his manual possession outside of his own home or place of business. The burden would then be shifted to him to show that he had obtained a license from the ordinary, as required by the act of 1910. *Blocker* v. *State,* ante, 81." It would thus seem that this contention has no merit.

The court did not err in overruling the demurrer to the indictment for any of the reasons assigned. The evidence amply authorized the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*