## 50514. DAYS v. THE STATE.

DEEN, Presiding Judge.

1. Under a statute forbidding the sale of liquor without a license "from the authorities now authorized by law to grant licenses," etc., the state makes out a prima facie case on proving the sale, and proof that it was under a valid license is a matter of defense. *McGehee v. State*, 114 Ga. 833 (1) (40 SE 1004). Under Code Ann. § 26-2903 (former Code § 26-5103 making it unlawful for one to carry a pistol "for which he has not obtained a license" etc.,) a prima facie case is made out by proof that the defendant carried the pistol in a public place, and the burden of showing that he had a license is upon him. *Elkins v. State*, 17 Ga. App. 479 (87 SE 713). Under Code Ann. § 77-361 it is a felony for a person confined in a state prison to possess weapons including knives capable of endangering the safety or security of the facility "without authorization of the appropriate authorities." On indictment under this statute, proof that the defendant, a convict, was searched while passing from one building to another, and a knife meeting the above description was found on his person, makes out a prima facie case. If the defendant claims authorized possession, the burden is on him to offer evidence to that effect. It is not on the state to prove a negative by evidence that every prison authority who might have done so in fact did not authorize the act.

2. The general grounds of appeal are without merit. There is positive testimony that the knife was found concealed on the defendant's person. Days' only contention on the trial was that it was taken from another prisoner, but he also testified on cross examination that he had previously admitted possession with the explanation that he had found the weapon on a walkway.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED APRIL 9, 1975 — DECIDED APRIL 18, 1975.

*Carroll L. Cowart,* for appellant.
*John W. Underwood, District Attorney, Dupont K.*

*Cheney, Assistant District Attorney,* for appellee.