[L. A. No. 9628. In Bank.—December 24, 1928.]

P. K. THOMAS et al., Respondents, v. MAGGIE TOPPINS, Appellant.

Bruns & Mooney for Appellant.

Clyde Bishop for Respondents.

THE COURT.— This appeal was submitted to the court upon a hearing to show cause, the respondents having presented and filed no brief. The appeal is from an order denying a motion to vacate and set aside a judgment rendered and entered by the trial court upon the failure of the defendant and her counsel to appear at the time fixed for the trial thereof. The facts as disclosed by the record show that on August 11, 1926, the date fixed for the trial, the secretary of defendant's attorney appeared to request a continuance thereof, upon the ground of the illness of defendant's said attorney, which request the trial court,

under the circumstances then presented to it, refused. The cause then proceeded to trial without the presence of defendant or her attorney, and upon evidence then taken the trial court proceeded to render judgment in the plaintiffs' favor. Thereafter and on the third day of September, 1926, the defendant moved to vacate and set aside said judgment upon the ground of the excusable neglect of the defendant and her counsel, upon the hearing of which motion it was made to appear that on July 19, 1926, and after said cause had been set for trial, the attorney for defendant had become ill, and that thereupon he had caused a request to be made of counsel for the plaintiffs that the trial of the cause be continued to a later date, which favor the plaintiffs' counsel refused to grant. The application for a continuance was not made to the court until the morning of the trial, and was denied by the trial court apparently for the reason that defendant or her counsel had ample time after the latter's illness began and after the latter was advised that plaintiffs' counsel would not consent to a continuance by reason thereof, to provide for the attendance of other counsel at the trial. We are unable to say, upon the face of the record before us, that the trial court abused its discretion in denying the defendant's belated application for a continuance, or that it was in error in refusing to vacate and set aside its judgment upon the defendant's motion therefor, based upon no other or further facts and circumstances than those which were present at the time the defendant's motion for a continuance of the cause was denied.

The order appealed from is affirmed.