### 31125. BILBO *v.* THE STATE.

DECIDED APRIL 11, 1946.

*Claude V. Driver,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general,* contra.

MacINTYRE, J.   The act of 1935 (Ga. L. 1935, p. 73) provides for a license and excise tax upon the dealing in malt beverages.   It amends the act of November 17, 1915, and provides that nothing in the act of 1915 "shall apply to fermented beverages made from malt, in whole or in part, or any similar beverages."   It also amends the act of 1907 (Ga. L. 1907, p. 81), entitled "An Act to prohibit the manufacture, sale, barter, giving away to induce trade," etc., and provides that nothing in said act of 1907 "shall apply to fermented beverages made from malt, in whole or in part, or any similar beverages."   The said act of 1935 provides "that 'malt beverages' shall be defined to mean fermented beverages made whole or in part from malt, or any similar fermented beverage," and provides that malt beverages shall not be sold and bartered without first having obtained a permit from the governing authorities of the county in which they are to be sold.   This act of 1935 had a referendum attached which provided that the ballots to be used in said referendum election shall have written or printed thereon the words, " 'For Adoption Beer License Act,' and the words, 'Against Adoption Beer License Act.' "   It further provided that: "If a majority of those voting at said election vote 'For Adoption Beer License Act,' the State voting as a whole, the Governor shall, by proclamation, declare this Act ratified by the people of the State of Georgia, and the Act shall thereupon, become effective.   If the State shall vote 'Against Adoption Beer License Act,' this Act shall, thereupon become null, void and ineffectual."   It thus seems to us that an indictment captioned "Haralson County," which charged that the accused did "sell and barter and offer for sale beer without first having obtained a permit from the governing authority of said county so to do," is not subject to demurrer on the grounds, that said indictment should be dismissed because the same does not charge the defendant with a violation of any law of Georgia, nor does it charge this defendant with the commission of any offense

under the laws of Georgia; that said indictment should be dismissed because it fails to allege that the defendant has ever sold any prohibited beer or beverages under the laws of Georgia; and that said indictment is too general, too vague, too uncertain, and does not put the defendant upon notice of any offense under the laws of Georgia, for which he is called upon to defend himself. "Courts have judicial knowledge that 'beer' [without prefixes] is a 'malt liquor.'" Eubank v. State, 104 Texas Crim. 628 (286 S. W. 234). See also 5 Words & Phrases (Perm. ed.) 263. The indictment here, alleging the selling of beer without a permit from the governing authority of the county in which it was sold, was not fatally defective because it alleged that the defendant sold beer instead of charging a sale of "malt beverage," to wit, beer, because "malt beverage" and "beer" as used in the act of 1935 are, in effect, synonymous. Lee v. State, 184 Ga. 327 (191 S. E. 256); Figueroa v. State, 71 Texas Crim. 371 (159 S. W. 1188). The judge did not err in overruling the demurrer. All other grounds were abandoned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*