### 32074. BUCHANAN *v.* THE STATE.

436

DECIDED JULY 16, 1948.

*Emmett Smith,* for plaintiff in error.

*Earl Staples, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The accusation in this case is based on the 1947 Cumulative Pocket Part of the Code Supplement, § 58-726, as follows: "No person, firm or corporation shall sell, offer for sale, or possess for the purpose of sale, any of the malt beverages specified and legalized by this Chapter, without first having obtained a license to deal in such beverages under the provisions of this Chapter, and any person, firm or corporation guilty of violating the provisions of this section shall be guilty of a misdemeanor and punished as provided in this Chapter." (Ga. L. 1937, pp. 148, 152.)

The State contends that the evidence is sufficient to convict the defendant of possessing beer for the purpose of sale. The defendant contends, first, that since § 58-726 of the Code Supplement confines the offense of selling, offering for sale, or possessing for the purpose of sale, without first having obtained a license, to malt beverages specified and legalized by this Chapter, and that since under Code § 58-704, malt beverages containing more than 6% of alcohol by volume are not legalized, and that since there is no evidence in the instant case to show what the alcoholic content was of the beer in question, the evidence is insufficient to authorize the verdict, and second, that since the evidence is purely circumstantial, the same is not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused.

The accusation in the instant case charges that the defendant did "possess for the purpose of sale, malt beverages commonly known as beer, without first having obtained a license to deal in such beverages under provisions of Chapter 58-7 of the Code." Construing Code § 58-704 and § 58-726 of the 1947 Cumulative Pocket Part, Code Supplement together, the offense is for selling, offering for sale, or possessing for the purpose of sale, malt beverages commonly known as beer containing 6%

of alcohol by volume or less, without having first obtained a license to deal in such beverages. No license can be issued for dealing in such beverages containing more than 6% alcohol by volume.

The word "beer" is used in the testimony of the officer in the instant case. In *Williams* v. *State,* 73 *Ga. App.* 421, 423, (supra), the following is said: " 'Beer' is a term now of general currency in this State, and perhaps elsewhere used to designate any and all of that class of malt liquors *within the purview of the general revenue act of 1935."* (Italics ours.) See also *Bilbo* v. *State,* 73 *Ga. App.* 680 (supra).

In the *Williams* and *Bilbo* cases, supra, the term "beer" was used in indictments charging the defendant with the sale thereof without having first obtained a license to deal in such beverages. It is there held that when the term "beer" is thus used it refers to the malt beverages within the purview of Chapter 58-7 of our Code and Supplement. Here the accusation charges the possession for the purpose of sale, of malt beverages, commonly known as beer, without having first obtained the license, etc.

Since the testimony of the witness referred to "beer" and since this term under the *Williams* and *Bilbo* cases, supra, is the proper one to designate any and all that class of malt liquors within the purview of Chapter 58-7 of our Code and Supplement, and since no license can be granted for the sale of malt beverages containing more than 6% of alcohol by volume, the testimony of the officer as to the beer possessed by the defendant constitutes a sufficient description of the beverage to make out the offense under § 58-726 of the Code Supplement. A prima facie case was made, and the burden shifted to the defendant to show that the beer contained more than 6% of alcohol by volume and was therefore not a beverage regulated by Chapter 58-7 of the Code and Supplement provided the defendant so contended.

■ In dealing with the question of whether or not the evidence is not only consistent with the hypothesis of guilt, but whether or not it excludes every other reasonable hypothesis save that of the guilt of the accused, upon examination of the testimony of the officer it appears that this defendant frequently kept large quantities of beer on his back porch; that he sometimes loaded

several cases in his car and his brother's car to be hauled away; that he kept tubs of beer in ice on his back porch; that many people parked their cars in the front of his house and walked around to the back and carried something to their cars in paper bags, and that on this particular occasion the defendant had 72 cases of beer on his back porch. In *Dunn* v. *State,* 18 *Ga. App.* 95 (1) (supra), the following is held: "In the trial of one charged with the unlawful sale of intoxicating liquor, proof that the ac-, cused received from an express company, within two years next preceding the indictment, between five hundred and a thousand gallons of whisky is admissible. This fact may be considered by the jury as a corroborative circumstance, enhancing the probative value of other evidence which may tend to show the defendant's guilt."

We think the evidence is sufficient under the circumstantial evidence rule as laid down in Code § 38-109, to support the verdict of guilty. Counsel for the defendant cites *Fain* v. *Atlanta,* 8 *Ga. App.* 96 (68 S. E. 619), in support of his contention that the evidence is insufficient. There it was held that the mere possession of 3 gallons of corn whisky in ½ pint flasks kept in the owner's dwelling without any evidence of a sale or an attempted sale on the part of the owner, is insufficient to authorize the conclusion that the liquor was kept for the purpose of sale, there being nothing in the evidence *authorizing the inference of sale.* Here the beer was possessed by the defendant in his home and there was much evidence to authorize the inference of sale.

The evidence authorized the verdict and the judgment of the trial court overruling the motion for a new trial is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*