## 34009.  HOWARD *v.* THE STATE.

Decided May 6, 1952.

*Kimzey & Crawford,* for plaintiff in error.

*Hope D. Stark, Solicitor-General,* contra.

GARDNER, P. J. 1. The court did not err in overruling the special demurrer to the indictment. The defendant insists that this indictment was vague and indefinite as to the place the alleged offense occurred, in that it only alleges that the defendant possessed beer for sale in said county, and it not appearing that it was not legal to sell beer with a permit in the incorporated towns in the county. The indictment charges that the defendant possessed such beer in said county "for the purpose of sale . . without then and there having a license and permit to deal in such malt beverages known as beer issued by the governing authorities of Banks County, same being the Commissioners of Roads and Revenues of Banks County." This indictment is not subject to the special demurrer urged. It is not too vague and indefinite as to the place where the offense occurred. See *Pines* v. *State,* 15 *Ga. App.* 348 (83 S. E. 198), and cit. This indictment showed that the venue of the offense was within the jurisdiction of the court.

2. During his argument to the jury, the solicitor-general stated that the "defendant is afraid to bring his friends and neighbors into court to prove he gave them any beer and that he was not selling beer." Counsel for the defendant immediately objected to this remark as being improper and prejudicial to the defendant, and requested the court to cause the solicitor to desist therefrom and rebuke the solicitor therefor. The court, after hearing argument, overruled the defendant's objection to such remark and did not rebuke the solicitor or otherwise seek to remove the effect of this statement from the minds of the jurors, the court ruling as follows: "It would be error for him (the solicitor-general) to argue that he (the defendant) failed to make a statement, but not that he failed to put up any evidence." The defendant contends that the court erred in overruling his objections to said statement and in failing to rebuke the solicitor and to instruct the jury that such failure to produce witnesses and introduce evidence not in rebuttal to evidence produced by the State, was not a proper matter for comment by the solicitor, and in ruling that it was proper for the solicitor to make such remarks to the jury. The defendant contends that

the above statement by the solicitor was not authorized by any evidence, that his conviction was based upon circumstantial evidence, and that said remark was improper and prejudicial and tended to destroy the presumption of innocence in favor of the defendant and reflected upon and discredited his character in that he was afraid of the testimony of his neighbors and friends.

We are inclined to agree with the defendant and feel that the trial court should have instructed the jury to disregard the statement upon which error is assigned in this ground, and should have taken some measure to erase from the minds of the jurors the improper remarks of the solicitor-general. There was nothing in the case authorizing the statement, and it was not incumbent upon the defendant to bring his friends or any other person or persons into court as witnesses in order to prove to the court and jury that he gave them beer and that he was not selling beer. The burden was on the State to prove beyond a reasonable doubt that the defendant was in possession of the beer for the purpose of selling the same, as alleged in the indictment. Code, § 38-110. This remark of the solicitor had the effect of creating the impression that the defendant should have brought his neighbors and friends into court for the purpose of having them testify in his behalf and that he was afraid so to do. There was no such duty on the part of the defendant. There was no evidence in the case that the defendant gave beer to his friends and neighbors and it was not incumbent upon the defendant to introduce his neighbors and friends as witnesses to prove that he was not selling beer and did not keep beer on hand for sale, with or without any license or permit. The solicitor-general went outside the record in making the remark objected to, which was clearly prejudicial to the defendant.

It is true that while the solicitor-general, in his argument to the jury, may not refer to the fact that the defendant has made no statement in his own behalf, he may properly comment upon the fact that such defendant failed to adduce testimony in rebuttal of evidence introduced by the State tending to show the defendant's guilt. *Saffold* v. *State,* 11 *Ga. App.* 329 (75 S. E. 338); *Kemp* v. *State,* 61 *Ga. App.* 337, 341 (6 S. E. 2d, 196). Also, where the defendant makes a statement and fails to deny a material fact brought out in the evidence for the State, such

an omission by the accused is a legitimate subject matter of comment by the solicitor-general in his argument to the jury. *Tolbert* v. *State,* 12 *Ga. App.* 685 (4) (78 S. E. 131). However, there was nothing in the case at bar to authorize and justify the solicitor-general to comment upon the failure of the defendant to bring his neighbors and friends into court as witnesses in his behalf so as to negative the charge that he was selling beer or possessed beer for the purpose of sale without a permit. See *Moore* v. *State,* 10 *Ga. App.* 805, 812 (74 S. E. 315). This argument by the solicitor was not a fair deduction from the testimony of Agent Jack Lawson that, when the defendant was arrested, he told him that numerous reports were being received in Hall and Banks County as to "this beer business up there," and the statements made by the defendant at this time to Lawson that he was told that he would not be violating the law to sell beer. "It is error to inject into a case on trial any extraneous matter not in issue and unsupported by evidence, whether done by improper argument of counsel or by improper instructions on the part of the court." *Campbell* v. *State,* 81 *Ga. App.* 834, 835 (60 S. E. 2d, 169). The trial judge should have sustained the objection of the defendant to the foregoing argument by the solicitor-general, and should have instructed the jury not to consider the same and his failure to do so and ruling that such argument was proper was error and is ground for the grant of a new trial. See *Baggett* v. *State,* 76 *Ga. App.* 873 (4) (47 S. E. 2d, 592).

3. The assignment of error set out in the other (second) special ground, to the effect that the solicitor-general read from the publisher's supplement for 1949 to the Annotated Code of Georgia an excerpt concerning the opinion of this court in *Buchanan* v. *State,* 77 *Ga. App.* 435 (49 S. E. 2d, 157). The defendant should be entitled to read the opinion and ruling in that case. At the time the solicitor thus read from the Supplement, the official opinion was not available to the court. When the opinion was obtained, the defendant requested the court to allow him to read to the court and jury the facts in that case and the second division of the opinion, contending that the interpretation of the solicitor regarding the *Buchanan* case and the holding therein was wrong. If this case should be tried again,

this error is not likely to happen, since both sides are now familiar with the opinion in the *Buchanan* case; and since we are reversing the case on the error assigned and dealt with in the division of the opinion in this case immediately preceding this division, we will not discuss this ground further. This alleged error is not likely to recur, should there be another trial.

4. Usually when a criminal case is reversed on a special ground, we do not pass upon the evidence as complained of by the general grounds. This is true for the reason that the evidence might be different upon another trial. However, we might here state that, in the event another trial should be decided upon, unless the evidence is materially different from that on the present trial, it will not be sufficient to convict the defendant. This case, we think, is similar in its facts to that of *Easterwood* v. *State,* 83 *Ga. App.* 400 (63 S. E. 2d, 689), where the trial court's denial of a new trial to the defendant was reversed by the whole court, with one dissent only. The facts in the instant case are entirely different from the facts appearing in the case of *Buchanan* v. *State,* supra.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*