[Civ. No. 21760. Second Dist., Div. Two. Nov. 2, 1956.]

MANUEL MOLINA, Appellant, v. RUSSELL MUNRO, as Director, etc., et al., Respondents.

David C. Marcus for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondents.

MOORE, P. J.—Appellant, a liquor licensee, was charged by the Department of Alcoholic Beverage Control with selling beer to a minor, one Gilbert Monson. (Bus. & Prof. Code, § 25658, subd. (a).) He had previously been convicted of that offense in the municipal court. Following an administrative hearing on the accusation pursuant to the decision

proposed by the hearing officer, the Department of Alcoholic Beverage Control made its order revoking appellant's license. On appeal, the Alcoholic Beverage Control Appeals Board (hereinafter called "the Board") duly affirmed the department's order. Appellant then petitioned the superior court for a writ of mandate directing the department to set aside its order of revocation, in reply to which, respondent Board filed its opposition to the issuance of the writ along with a copy of its own decision. Having duly considered the pleadings and the administrative proceedings, the court denied the petition for the writ of mandate. This appeal followed.

## THE FACTS

As an off-sale, retail liquor licensee, appellant operated a store adjacent to a public street in Los Angeles. Gilbert Monson, a minor of 15 years, entered the store and purchased three one-quart bottles of beer from appellant. On former occasions, Gilbert had purchased cigarettes from appellant but had never been asked to exhibit a driver's license or other evidence of his majority. Acting upon complaints about appellant's liquor sales to minors, the Los Angeles Police Department stationed two officers in waiting when Gilbert called at appellant's store August 6, 1954, to make such a purchase. The merchant was then charged with a sale of alcoholic beverage to a minor in violation of the Alcoholic Beverage Control Act. (Bus. & Prof. Code, § 23000 et seq.)

He was convicted by the municipal court and sentenced to serve 60 days in the county jail. There he lingered when the hearing before the administrative board proceeded to investigate the abuse of his license by the sale of beer to the youth. Although appellant was in jail at the time of the hearing, he was represented by his counsel. No motion for a continuance was made in order that appellant might be present at the trial, but his lawyer "in lieu of appellant's testimony" introduced the reporter's transcript of appellant's trial in the municipal court for the sale of the three quarts of beer to Monson for the "court to see what the defendant's version of the case is."

## STATUTES INVOLVED

The law applicable to the conduct of a liquor dealer in selling beer to a minor is found in certain decisions hereinafter cited, and in the Constitution and in certain statutes,

sections of the Business and Professions Code printed for the sake of brevity on the margin below.*

### THE CONTENTIONS

Appellant contends that the findings do not support the order. ■ The Department of Alcoholic Beverage Control is an agency of the state created by the Constitution for the very purpose of investigating charges of misconduct brought against licensees under the Alcoholic Beverage Control Act of 1935. (Const., art. XX, § 22.) Thus, its decision after an administrative hearing without prejudicial error will not be upset when supported by substantial evidence even though contradicted. (*Covert* v. *State Board of Equalization,* 29 Cal. 2d 125, 131 [173 P.2d 545].) ■ It must be sustained, provided it has committed no error of law, if the evidence is sufficient to support its findings of fact. (*Griswold* v. *Department of Alcoholic Beverage Control,* 141 Cal.App.2d 807, 810 [297 P.2d 762].) As in other actions, all substantial conflicts must be resolved in favor of the findings of the Department of Alcoholic Beverage Control. (*Ibid.*)

---

*Business and Professions Code sections as they read in 1954 when appellant sold the beer:

§ 25658. "(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor."

§ 25660. "In any criminal prosecution or proceeding for the suspension or revocation of any license based upon violation of Section 25658, proof that the defendant licensee, or his agent or employee, demanded and was shown, before furnishing any alcoholic beverage to a minor, a motor vehicle operator's license or a registration certificate issued under the Federal Selective Service Act or other bona fide documentary evidence of majority and identity of the person, is a defense to the prosecution or proceeding for the suspension or revocation of any license."

§ 24200. "The following are the grounds which constitute a basis for the suspension or the revocation of licenses: . . .

"(b) Except as limited by Chapters 11 and 12 of this division, the violation or the causing or the permitting of a violation by a licensee of this division, any rules of the board adopted pursuant to Part 14 of Division 2 of the Revenue and Taxation Code or any rules of the department adopted pursuant to the provisions of this division, or any other penal provisions of law of this State prohibiting or regulating the sale, exposing for sale, use, possession, giving away, adulteration, dilution, misbranding, or mislabeling of alcoholic beverages or intoxicating liquors."

California Constitution, article XX, section 22, fourth paragraph:

". . . The department shall have the power, in its discretion, to deny, suspend or revoke any specific liquor license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals, or that a person seeking or holding a license has violated any law prohibiting conduct involving moral turpitude . . ."

 The evidence adduced is abundant to support the findings. Two officers saw Gilbert make the purchase; the evidence is conclusive that the boy was only 15 years of age; there was testimony that the beverage purchased was "beer"; the youth testified that he indeed bought the "beer" from appellant; in fact, appellant made various admissions of his sale of the beverage.

 Appellant seeks to defend his actions on the ground that Gilbert had been in his store a week before the three-quart sale when he identified himself as being past 21 years. On that occasion he exhibited a driver's license which purportedly proved his majority. Appellant testified that he relied upon such prior exhibition of documentary proof in making the sale which has resulted in the revocation of his license. His theory is that this conduct brings him within the terms of Business and Professions Code, section 25660, providing a defense when the vendor has been exhibited a "motor vehicle operator's license." To prevail under that section it was incumbent upon the merchant to demand documentary proof of the customer's majority "before furnishing any alcoholic beverage to a minor." The hearing officer and the Department of Alcoholic Beverage Control did not believe appellant's story. Therefore, his defense under section 25660 was not established.

Finally, appellant contends that he is entitled to a writ of mandate for the reason that no proof was ever made that the "beer" he sold Gilbert Monson contained one-half of one per cent or more of alcohol. Whenever the term "beer" is used without words of qualification, it signifies a malt liquor and an intoxicating beverage. (See *Buchanan* v. *State*, 77 Ga.App. 435 [49 S.E.2d 157, 158]; *Williams* v. *State*, 73 Ga.App. 421 [36 S.E.2d 839, 840]; *State* v. *Schrader*, 243 Iowa 978 [55 N.W.2d 232, 236]; *State* v. *Winter*, —— Mont. —— [285 P.2d 149, 151].) In the Williams case, *supra*, the court rejected the argument that the indictment was defective because it did not specify the variety of beer sold, and held that the term "beer" is in general usage to designate any and all malted liquors within the purview of the state liquor laws which declare that "beer" signifies "fermented beverages made wholly or in part from malt or any similar fermented beverage." The Montana liquor law includes beer in its definition of intoxicating liquors, without specifying the percentage of alcohol therein. The Winter case, *supra*, construing that statute, held that "beer" in its

ordinary meaning, when used in connection with laws involving the sale of alcoholic beverages, implies a malt liquor and an intoxicating beverage. This malt liquor, under the generic name "beer," is used in both Europe and America as a common beverage. The word "beer," like the words "brandy," "whisky," "gin," and "rum," is held universally to be an intoxicating liquor *per se* for the reason that it is within the common knowledge and ordinary understanding that it is an intoxicating liquor. (*Briffitt* v. *State*, 58 Wis. 39 [16 N.W. 39, 46 Am.St.Rep. 621].) ▉ Therefore, when a person is accused under section 25658, *supra*, of having sold "beer," the court takes judicial notice that it means an intoxicant. In short, the business and Professions Code, section 23006, defines "beer" as "any alcoholic beverage obtained by the fermentation of any infusion or decoction of barley, malt, hops, or any similar product . . ." Such authorities should be conclusive that whenever merchandise is sold as "beer" it could not mean anything but an intoxicating beverage. Moreover, while appellant was on the witness stand in the municipal court he might have testified that Gilbert called for "root beer," "ginger beer" or for one of the other varieties of non-intoxicating beer, if such was a fact. Having sworn to tell the whole truth then, his contention now that it was not proved to be intoxicating must be regarded as so much bluster. It must now be presumed that if he knew the beer was nonintoxicating he would have so testified at his trial.

### Due Process Denied?

▉ Surely, appellant could not mean that he was denied the right of "due process of law." He was represented at the administrative hearing by a member of the bar who actively participated in the proceedings, cross-examined witnesses, introduced evidence and made use of all available facts or authorities to effectuate appellant's exoneration of the accusation. The attorney made no motion for a continuance to enable appellant to be present in person, but he offered in evidence the transcript of the proceedings of appellant's trial in the municipal court for the purpose of proving his innocence. He is in no position now to complain of his failure before the Department. ▉ A proceeding before an administrative agency to determine whether a license should be revoked is not a criminal or quasi-criminal prosecution. (*Murphy* v. *Board of Medical Examiners*, 75 Cal.App.2d 161, 166 [170 P.2d 510].) ▉ As in any other civil action, a litigant may appear solely by his counsel to defend the

charges against him. Having done so, his fortunes are linked with the ensuing judgment. In the absence of reversible error at the hearing, his litigation has become history.

■ There is no statute that requires a party to an administrative hearing to be personally present. On the contrary, he may be present by his attorney. (Gov. Code Ann. §§ 11505, 11509.)

Appellant's attorney had notice of the accusation, appeared at the time and place designated for the hearing and participated without ever registering an objection on the ground that the Department had no jurisdiction. Appellant does not claim that the attorney was not authorized to represent him.

Order denying alternative writ of mandate affirmed.

Fox, J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 24, 1956.