345 P.2d 508]

[Civ. No. 18406.   First Dist., Div. One.   Oct. 30, 1959.]

JAMES SKIPITAR, Appellant, v. RUSSELL S. MUNRO, as Director of the Department of Alcoholic Beverage Control, Respondent.

( 1 )

James Martin MacInnis and Harry P. Glassman for Appellant.

Stanley Mosk, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Respondent.

FOLEY, J. pro tem.*—This is an appeal from a judgment denying a peremptory writ of mandate and ordering that the alternative writ theretofore issued be vacated, annulled, and set aside.

Appellant, James Skipitar, is the owner of an on-sale liquor establishment in San Francisco. On October 24, 1956, a written accusation charging him with violations of sections 25657 subdivisions (a) and (b), 25655, and 25602 of the Business and Professions Code, section 303a of the Penal Code, and rule 143 of the Department of Alcoholic Beverage Control, was filed against him by the Director of Alcoholic Beverage Control.

He was duly served by mail with a copy of the accusation together with a notice of defense under section 11505 of the Government Code on October 30, 1956. On November 9, 1956, the department received an executed notice of defense from appellant. A hearing on the accusation was set for January 23, 1957, before a hearing officer of the Department of Alcoholic Beverage Control at San Francisco. Appellant was duly served by mail with a notice of time and place of said hearing on November 30, 1956. This notice in conformity with section 11509 of the Government Code contained the following statement: "You may be present at the hearing, may be but need not be represented by counsel, may present any relevant evidence, and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpenas to compel the attendance of witnesses and the production of books, documents or other things by applying to the Department of Alcoholic Beverage Control at 1215 O Street, Sacramento 14, California."

After a hearing on the date specified, the hearing officer proposed a decision finding the allegations of the accusation to be true and recommending revocation of appellant's license. The department adopted the proposed decision and ordered the license revoked. Appellant filed an appeal with the Appeals Board and his appeal was denied. Thereafter, appellant

---

*Assigned by Chairman of Judicial Council.

petitioned the superior court for a writ of mandate, the denial of which has led to this appeal.

Appellant contends that it was error for the court below to hold that appellant received a fair trial before the administrative tribunal under the circumstances disclosed by the record. In support of this contention he argues that the hearing officer abused his discretion in denying him a continuance. Appellant was given notice on November 30, 1956, that the hearing was to be held January 23, 1957. At the hearing he requested a continuance on the ground that he had no attorney. The following occurred: "THE HEARING OFFICER: . . . Mr. Skipitar, I understand you have a motion to make at this time. MR. SKIPITAR. We like to continue the case. I don't know anything about the laws or regulations. I may say something to jeopardize my license. I may not say the right thing to help my license. Therefore, rather give me permission to continue the case. THE HEARING OFFICER. What is your reason, sir? MR. SKIPITAR. I got to have an attorney. THE HEARING OFFICER. Haven't you hired an attorney up to this time? MR. SKIPITAR. I thought I come out and explain to the gentlemen here look to me just like going to be regular trial, and there is a lot of things written in paper there. I'm confused. I don't know how to go about it. The gentlemen familiar with everything goes on, and every day keeping cases, and I don't—if it was one question or two, but there's a lot of stuff in there, and I don't understand what it's all about. I feel I should have some presentation here. THE HEARING OFFICER. Mr. Skipitar, did you get notice that this hearing was going to be held sometime around the 30th of this month? MR. SKIPITAR. Yes, sir. THE HEARING OFFICER. You have known about it since that time, that you were going to have this hearing? MR. SKIPITAR. If I know I was going to have a—— THE HEARING OFFICER. You knew you were going to have a hearing since the 30th of the month. MR. SKIPITAR. Yes. THE HEARING OFFICER. And up from that time you haven't employed an attorney or called—— MR. SKIPITAR. I had one attorney—he's busy, and I didn't like the person—the way he conducted his business—and I feel that I should have an attorney. MR. FEINBERG. In this connection I would like to state this before the Hearing Officer rules, and I'm not offering this as evidence. I would like to state that the record shows that there was a criminal prosecution against Mr. Skipitar arising out of the same transaction at which time Mr. Skipitar was represented

by counsel, and as a matter of fact; that hearing went on, and November 27, 1956, so that at one time or another he did have counsel with regard to the specific transaction involved here even if not with regard to the specific accusation, and I'll further state for the record that the agents involved are agents who are regularly stationed in San Jose, and they have been called in here for the purpose of testifying to this hearing. THE HEARING OFFICER. Mr. Skipitar, in view of the fact that you have had notice, and haven't been duly diligent in attempting to obtain counsel, and in view of the fact that the agents are from out of the city, and would be rather seriously inconvenienced, and in view of the fact that your Hearing Officer has been transported here by the State of California from Los Angeles for the purpose of conducting this hearing, your motion for a continuance will be denied. MR. SKIPITAR. I can't wait, sir. I'm a very sick man. I can't go ahead without an attorney. Please continue the case. Do whatever you please, but I can't go ahead. I have a little heart trouble, and I don't want to have any more, abusing myself, because it's kind of tough for me. I working every day, and go through if you want to go ahead I may get sicker. MR. FEINBERG. You have no medical certificate have you, from any doctor? MR. SKIPITAR. I'm not ready to drop, but that's the way I feel. If you give me a chance to get an attorney I think everything would work out all right. THE HEARING OFFICER. Motion denied, Mr. Skipitar. MR. SKIPITAR. I won't answer nothing. I'm not going to go ahead with the trial. Do whatever you gentlemen want—waste a lot of time—I'm not going ahead with it at all. THE HEARING OFFICER. Mr. Skipitar, the Hearing Officer will inform you the proceedings are going to be held that you can—you have the right to cross-examine these witnesses if any are produced, and you have the right to produce any witnesses and testify in your own behalf. MR. SKIPITAR. No, I'm not going to do it. I'm not going to listen. I'm not going ahead. If I say something I might jeopardize myself, and I'd rather have somebody watch what I'm doing. I'm not familiar with the words written there, and in fact I won't even stay I'm going to leave. THE HEARING OFFICER. You guide yourself.''

It further appears from the record that Mr. Skipitar walked out of the hearing room as the first witness was sworn. The trial court found that appellant's motion for a continuance was not arbitrarily refused and that he was not arbitrarily

prevented from being represented by counsel at the hearing. The record sustains these findings. In a matter such as the instant proceeding, appellant had no absolute right to have the matter continued. (*Thomas* v. *Toppins,* 206 Cal. 18 [272 P. 1042]; *Baumberger* v. *Arff,* 96 Cal. 261 [31 P. 53]; *Estate of McCarthy,* 23 Cal.App.2d 395 [73 P.2d 913].)

■ With respect to appellant's claim of illness at the time of hearing, it is sufficient to state that although he presented a medical certificate to the trial court to the effect that as of January 21, 1957, appellant's doctor requested that he, appellant, cut down his activities and remain at home for a few days, there was not any showing made at the hearing which substantiated his claim of illness. In fact he stated at that time, "I [am] working every day. . . ." From these circumstances it could reasonably be assumed that appellant was not too ill to go through with the hearing.

■ Appellant's argument that proceedings of this kind are quasi-criminal in nature is without merit. A proceeding before an administrative agency to determine whether a license should be revoked is not a criminal or quasi-criminal prosecution. (*Molina* v. *Munro,* 145 Cal.App.2d 601, 606 [302 P.2d 818].) Even in a criminal prosecution right to counsel may be waived and such waiver can be found if the defendant is unduly dilatory. (*People* v. *Rogers,* 150 Cal.App.2d 403 [309 P.2d 949].)

■ Appellant next contends that it was error for the court below to hold that there was no relevant evidence which then respondent before the Department of Alcoholic Beverage Control might have produced in his own behalf. In its findings of fact the trial court found "That it is not true that there is relevant evidence which in the exercise of reasonable diligence could have been produced at the hearing, nor is it true that relevant evidence was improperly excluded in the hearing before the Department of Alcoholic Beverage Control." In its conclusions of law the trial court decided that "there is no relevant evidence which, in the exercise of reasonable diligence, could not have been produced or could have been excluded in the hearing before the Department of Alcoholic Beverage Control."

In the court below, affidavits of Betty Keywotz, Shirley Castro, and Mr. Skipitar were submitted. The essence of the Keywotz affidavit is that she was employed by appellant and had been instructed by him both at the time of her employment and at subsequent times not to accept or ask for any

alcoholic beverages or drinks. That in addition thereto she had been instructed by appellant not to drink any alcoholic beverages on the premises while on duty. However, affiant also swore that she was first employed by appellant in March of 1957, which is many months after these proceedings were begun, and we fail to see how this affidavit could have any effect on a hearing held a month and a half earlier.

In the affidavit of Shirley Castro, affiant merely denies that she did those things she was accused of having done in the accusation. No statement occurs therein which would in any way explain why in the exercise of reasonable diligence she was not able to appear at the time of hearing and make her denials there.

The affidavit of James Skipitar contains no pertinent facts that were not before the hearing officer insofar as they had occurred up to that time.

Appellant alleged in his petition for writ of mandate that "there is relevant evidence which in the exercise of reasonable diligence could not have been produced or which was improperly excluded in the hearing before respondent." Appellant did not prove this allegation. Therefore the finding and conclusion of the trial court that the allegation was untrue is not erroneous.

Appellant also contends that it was prejudicial error for the court below to find that appellant waived his appeal before the Appeals Board where he employed an attorney who requested a continuance which was denied and made no further appearance. This contention is without merit. Conceding that this finding was erroneous in view of the record which discloses that the Appeals Board affirmed the decision of the department on the merits even though appellant did not present oral argument or file written briefs, still such error, if any, would not justify a reversal.

Appellant finally contends that it was error for the court below to find that the appellant failed to exhaust his administrative remedies where the Appeals Board actually denied his appeal. Conceding also that this finding was erroneous in view of the record as above stated relative to the action of the Appeals Board, still, this error, if any, would not warrant a reversal.

The findings of the trial court on the questions of waiver of appeal and failure to exhaust administrative remedies are not necessary to support its judgment.

It should be pointed out that the question of waiver of appeal before the Appeals Board and the question of failure to exhaust administrative remedies were matters presented by way of affirmative defenses by respondent. The court below found against appellant on all the issues raised by him.

"In order to justify the reversal of a judgment because of defective findings it must affirmatively appear not only that substantial injury has been caused and that substantial rights have been affected but also that a different result would have been probable if the defect had not occurred." (*Culjak* v. *Better Built Homes, Inc.*, 58 Cal.App.2d 720, 725 [137 P.2d 492].)

Although petitioner has not questioned the sufficiency of the evidence to support the trial court's finding that the decision of the Department of Alcoholic Beverage Control is supported by substantial evidence, an examination of the record discloses ample evidence to support the findings both of the court and the department.

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.