## 59061. TURNBOW v. THE STATE.

CARLEY, Judge.

Appellant was indicted for and convicted of two counts of selling beer without a license. On appeal, he complains of an improper comment by the trial judge, the exclusion of certain evidence, and the entry of judgment on a verdict not supported by the evidence.

1. In his first two enumerations of error, appellant contends that a statement by the trial judge was both an expression of his opinion on a controverted question of fact and a comment on the evidence, in violation of Code Ann. § 81-1104. However, the record shows that appellant made no motion for mistrial and raised no objection to the trial judge's comment. " 'The question of whether Code Ann. § 81-1104 has been violated is not reached unless an objection or motion for mistrial is made.' Therefore this enumeration of error is without merit." *Driggers v. State,* 244 Ga. 160, 162 (259 SE2d 133) (1979).

2. In his third enumeration of error, appellant complains of the exclusion of testimony concerning efforts to secure a license to sell malt beverages. Appellant contends that the proffered evidence would have shown that the application for a license was improperly denied, that by means of a suit in federal court appellant's employer had forced the issuance of a license, and that a

license had been issued shortly *after* the alleged illegal sales by appellant. That testimony, appellant asserts, would have established that his conduct in selling beer amounted to the exercise of constitutional rights, which exercise could not constitute a crime.

In Poulos v. New Hampshire, 345 U. S. 395 (73 SC 760, 97 LE 1105) (1952), the U. S. Supreme Court upheld a conviction for holding religious services in a public park without having secured a license required by a local ordinance. Agreeing with Poulos that the license was improperly denied, the U. S. Supreme Court held that where the state provides a judicial remedy for such a deprivation of rights, the wrongful refusal of a license would not bar prosecution for acting without a license.

Georgia has provided such a judicial remedy for those denied a license to sell alcoholic beverages. In *City of Atlanta v. Hill,* 238 Ga. 413 (233 SE2d 193) (1977), our Supreme Court held that an applicant for an alcoholic beverage license, having met the requirements for the license, is entitled to a writ of mandamus in state court to correct a wrongful refusal to issue the license. It follows, therefore, under the reasoning of Poulos, supra, that the allegedly wrongful refusal to issue a malt beverage license to appellant's employer was not a defense available to appellant. That issue not being a question being tried by the jury, evidence relating thereto was not relevant and was properly excluded. Code Ann. § 38-201.

3. In his final enumeration of error, appellant contends that the verdict was not supported by the evidence because there was no evidence that what appellant sold was beer or malt beverage of any kind or was beer or malt beverage prohibited by statute from being sold. This issue is controlled adversely to appellant by *Buchanan v. State,* 77 Ga. App. 435, 438 (49 SE2d 157) (1948):

"The word 'beer' is used in the testimony of the officer in the instant case. In *Williams v. State,* 73 Ga. App. 421, 423 [(36 SE2d 839)(1946)], the following is said: ' "Beer" is a term now of general currency in this State, and perhaps elsewhere used to designate any and all of that class of malt liquors *within the purview of the general revenue act of 1935.'* (Italics ours.) See also *Bilbo v. State,* 73 Ga. App.

680 [(37 SE2d 812) (1946)].

"In the *Williams* and *Bilbo* cases, supra, the term 'beer' was used in indictments charging the defendant with the sale thereof without having first obtained a license to deal in such beverages. It is there held that when the term 'beer' is thus used it refers to the malt beverages within the purview of Chapter 58-7 of our Code and Supplement. Here the accusation charges the possession for the purpose of sale, of malt beverages, commonly known as beer, without having first obtained the license, etc.

"Since the testimony of the witness referred to 'beer' and since this term under the *Williams* and *Bilbo* cases, supra, is the proper one to designate any and all that class of malt liquors within the purview of Chapter 58-7 of our Code and Supplement, . . . the testimony of the officer as to the beer possessed by the defendant constitutes a sufficient description of the beverage to make out the offense under § 58-726 of the Code Supplement."

In the present case, the indictment alleged that appellant sold "malt beverages, to wit: beer, without first having obtained a license . . ." etc. The police officers who testified used the word "beer" to describe the substance they requested and received from appellant. Under the authority of *Buchanan,* supra, there was sufficient evidence to support the convictions.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 7, 1980 — DECIDED FEBRUARY 14, 1980.

*Rudolph Sullivan,* for appellant.
*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.