**Julia Louise TENISON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–7583.

Court of Appeals of Alaska.

Dec. 28, 2001.

Julia Louise Tenison, *in propria persona*, Palmer, for Appellant.

Rachel K. Gernat, Assistant District Attorney, Roman J. Kalytiak, District Attorney, Palmer, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

MANNHEIMER, Judge.

Since 1998, Alaska law—AS 28.15.061(b)—has required all persons applying for a driver's license to supply their social security number (if they have one). In October 1998, Julia Louise Tenison's driver's license expired. She applied for renewal of the license but, for religious reasons, she refused to disclose her social security number. Because of this, the Division of Motor Vehicles did not renew her license.

Rather than challenge the DMV's action in a lawsuit or in an administrative appeal, Tenison simply drove without a license. Several months later, a state trooper stopped Tenison for an equipment violation. During this traffic stop, the trooper discovered that Tenison's license had not been renewed, and Tenison was ultimately convicted of driving with an expired license, AS 28.15.011(b).

Tenison now appeals this conviction. She argues that it is unconstitutional for the State of Alaska to require driver's license applicants to divulge their social security number, especially when a person has religious objections to doing so.

But even if Tenison is correct—*i.e.*, even if we assume that the DMV should have renewed Tenison's driver's license despite her refusal to disclose her social security number—Tenison still had no right to drive without a license. She was obliged to attack the DMV's action directly, by pursuing an administrative appeal or by filing a lawsuit against the State. Tenison had no right to drive for several months without a license and then, after she was caught, defend the criminal charge by challenging the legality of the social security number requirement. We therefore conclude that Tenison's attacks on AS 28.15.061(b) are moot and that Tenison's conviction must be affirmed.

*The amendment to AS 28.15.061(b), requiring all applicants for driver's licenses to supply their social security number*

In August 1996, the federal government enacted the Personal Responsibility and Work Opportunity Reconciliation Act (Public Law 104–193). One of the aims of this legislation was to reduce welfare payments by improving the collection of child support. In order to make it easier to track down parents who were delinquent in their child support obligations, Section 317 of the Act required

each state to amend its laws so that applicants for any "professional license, commercial driver's license, occupational license, or marriage license" had to furnish their social security number. One year later, in the Balanced Budget Act of 1997, Congress amended this provision by deleting the word "commercial"—thus expanding the social security number requirement to include all applications for driver's licenses.[1]

(The federal government has no authority to directly order the states to change their licensing laws, so Congress used an economic incentive: states lose a substantial portion of their federal funding for various welfare programs if they do not require all license applicants to supply their social security number.)

In 1998, the Alaska Legislature responded to the federal mandate by enacting SLA 1998, chapter 132, a session law that amended several statutes to make them conform to the guidelines contained in the Personal Responsibility and Work Opportunity Reconciliation Act. Section 51 of this session law amended AS 28.15.061(b) to require all applicants for driver's licenses to supply their social security number. The legislature openly acknowledged that they were responding to economic pressure exerted by the federal government. In section 1 of the session law, the legislature stated:

> *Purpose; Findings.* The primary purpose of this Act is to amend the Alaska Statutes to comply with the mandates of the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996 and other federal law to ensure continued federal financial participation [in] Alaska's child support enforcement, public

assistance, and unemployment programs. The legislature finds that the federal requirements are unreasonable and constitutionally questionable, and the statutory changes that must be made to meet the federal requirements may do little to improve [the] collection of child support. These statutory changes are being made only under duress from the federal government.

In perhaps a further sign of the legislature's unease, the legislature also declared that the social security number requirement would expire in three years.[2] But in the 2001 legislative session (*i.e.,* at the end of the appointed three years), the legislature re-enacted the requirement.[3] It is now a permanent part of the statute. *See* AS 28.15.061(b)(4).

### Procedural history of Tenison's case

As explained above, Tenison's driver's license expired in October 1998. She sought to renew the license, but the Division of Motor Vehicles rejected her renewal application because she refused, on religious grounds, to supply her social security number. Even though her renewal application had been rejected, Tenison continued to drive. About six months later, she was caught and cited for driving with an expired license.

Tenison asked the district court to dismiss this charge. She argued that it was unconstitutional for the DMV to require her to supply her social security number. Tenison claimed that this requirement violated the free exercise of her religious beliefs, that it violated her right to privacy and her right to travel, and that it denied her the equal pro-

---

1. As enacted by Section 317 of the Personal Responsibility and Work Opportunity Reconciliation Act, and as amended by Section 5536 of the Balanced Budget Act of 1997 (Public Law 105–33), 42 U.S.C. § 666(a)(13) provides:

    RECORDING OF SOCIAL SECURITY NUMBERS IN CERTAIN FAMILY MATTERS. Procedures requiring that the social security number of—

       (A) any applicant for a professional license, driver's license, occupational license, recreational license, or marriage license be recorded on the application;

       (B) any individual who is subject to a divorce decree, support order, or paternity deter-

mination or acknowledgment be placed in the records relating to the matter; and

   (C) any individual who has died be placed in the records relating to the death and be recorded on the death certificate.

For purposes of subparagraph (A), if a State allows the use of a number other than the social security number to be used on the face of the document while the social security number is kept on file at the agency, the State shall so advise any applicants.

2. *See* SLA 1998, ch. 132, § 54.

3. *See* SLA 2001, ch. 40, § 1.

tection of the laws (because the requirement, as originally enacted, applied only to people who sought to renew their licenses during the three-year period from 1998 to 2001). Tenison also argued that the social security number requirement violated federal law governing the permitted uses of social security numbers.

The district court rejected all of these arguments and upheld the charge of driving with an expired license. Subsequently, Tenison was convicted of this charge. She now appeals her conviction, again arguing that it was unlawful for the DMV to require her to supply her social security number when she applied to renew her driver's license.

*A person is not entitled to engage in a licensed activity without the proper license and then, when they are caught, defend by arguing that their license application should have been granted*

On appeal, Tenison argues various legal theories why the DMV should have renewed her driver's license even though she declined to supply her social security number. Generally speaking, courts have not been receptive to the constitutional and statutory arguments that Tenison advances here.[4] However, there is an underlying issue that we must resolve before we can reach the merits of Tenison's various attacks on the social security number requirement: Even if Tenison is correct that the DMV should have renewed her driver's license, does the DMV's wrongful refusal to renew her license constitute a defense to the charge of driving with an expired license?

█ The answer is no. As a general rule, when a person is charged with engaging in a licensed activity without the proper license, it is no defense that the government wrongfully refused to grant the person's earlier license application. Even when the person can show that their application should have been granted, they are not free to break the law by engaging in the licensed activity without the necessary license. Rather, the law requires such a person to appeal the licensing agency's action or to initiate a lawsuit to make the agency issue the requested license.

This rule has been repeatedly applied to prosecutions for driving without a valid license or for driving after one's license has been suspended or revoked.[5] And the same rule applies when a defendant is prosecuted for failing to obtain some other type of license.[6] The general principle underlying this rule of law was explained by the Maine Supreme Court in *State v. Higgins*, 338 A.2d 159, 162 (Me.1975):

> [The] particular limitations upon collateral attack as a method of raising constitutional issues are ... well recognized. These limitations reflect a public policy judgment that "respect for law" is a value of our society of the highest priority and must be held to overbalance a citizen's interest [in] vindicat[ing] rights, even if constitutionally rooted, by a collateral at-

---

4. *See Stoianoff v. New York Comm'r of Motor Vehicles*, 107 F.Supp.2d 439, 447–450 (S.D.N.Y. 2000), *aff'd* 12 Fed.Appx. 33, 2001 WL 568129 (2nd Cir.2001) (unpublished), *cert. denied* — U.S. ——, 122 S.Ct. 352, 151 L.Ed.2d 266 (2001); *Miller v. Reed*, 176 F.3d 1202, 1205–08 (9th Cir. 1999); *McDonald v. Department of Public Safety*, 756 So.2d 880, 884–87 (Ala.Civ.App.1999); *State v. Loudon*, 857 S.W.2d 878, 880–83 (Tenn.App. 1993); *State v. Davis*, 745 S.W.2d 249, 252 (Mo. App.1988).

5. *See State v. Cole*, 180 W.Va. 412, 376 S.E.2d 618, 622–23 (1988); *State v. Bell*, 182 Ga.App. 860, 357 S.E.2d 596, 598 (1987); *State v. Higgins*, 338 A.2d 159, 159–165 (Me.1975); *Abbott v. District of Columbia*, 154 A.2d 362, 363 (D.C.App.1959); *Franklin v. District of Columbia*, 248 A.2d 677, 679 (D.C.App.1968).

6. *See Poulos v. New Hampshire*, 345 U.S. 395, 409, 73 S.Ct. 760, 768–69, 97 L.Ed. 1105 (1953) (license to conduct religious services in a public park); *Turnbow v. State*, 153 Ga.App. 479, 265 S.E.2d 832, 833 (1980) (license to sell malt beverages); *State ex rel. Indiana Board of Medical Registration & Examination v. Frasure*, 229 Ind. 315, 98 N.E.2d 365, 366–67 (1951) (license to practice medicine); *State v. Nagle*, 148 Me. 197, 91 A.2d 397, 399–403 (1952) (license to haul goods by truck commercially); *State v. Stevens*, 78 N.H. 268, 99 A. 723, 725 (1916) (license to sell lightning rods).

In general, *see* M.C. Dransfield, Annotation: "Right of person wrongfully refused license under proper application therefor to do act for which license is required", 30 A.L.R.2d 1006 (1953) *and* 51 Am.Jur.2d 110, "Licenses and Permits", § 106.

tack initiated [after] the citizen's resort to "self-help"....

This court recently applied an analogous principle of law in *Jacko v. State*, 981 P.2d 1075 (Alaska App.1999). The defendant in *Jacko* was charged with violating a domestic violence restraining order. Jacko defended by asserting—correctly—that the court which issued the restraining order had acted illegally because the petitioner had failed to allege sufficient legal grounds to justify issuing the order. Although we acknowledged that the restraining order should not have been issued in the first place, we nonetheless held that Jacko was properly convicted of violating the order. We stated, "Even though a court's restraining order or injunction may be factually unjustified (even obviously factually unjustified, as was the case here), the persons subject to that order must nevertheless obey it until the order is vacated or reversed through process of law."[7]

■ Thus, when a person is wrongly denied or deprived of a license, the person normally must pursue civil remedies to obtain or regain the license, instead of engaging in the regulated activity without a proper license. There is a recognized exception to this rule for license or permit laws that are unconstitutional on their face—generally speaking, laws that regulate expressive activity or limit the use of public property, and which establish licensing criteria so vague as to grant unfettered discretion to the licensing agency, thus unlawfully abridging the First Amendment freedoms of speech and/or assembly.[8] However, the Alaska statute requiring driver's license applicants to supply their social security number is not facially unconstitutional.

Tenison does not dispute the State of Alaska's authority to regulate the operation of motor vehicles by requiring all drivers to be licensed, nor does she assert that it is unreasonable for the State to require all applicants for a driver's license to furnish identifying information. Tenison's argument is that the State can not require a particular type of identifying information: the applicant's social security number.

But this requirement appears reasonable on its face. Two people may have the same name and, conceivably, the same date of birth, yet their social security numbers will uniquely identify them from among all license applicants. This unique identifier advances several valid interests of the state— for example, to make sure that no person obtains more than one driver's license, to identify drivers whose licenses should not be renewed until they have satisfied unpaid fines, fees, or insurance requirements, and to identify drivers whose licenses in other states have been suspended or revoked because of misconduct.

Tenison has ably raised several potential legal objections to the social security number requirement, but these objections are no more than debatable. The requirement does not, on its face, violate Tenison's constitutional rights. In particular, see *Employment Division, Department of Human Resources v. Smith*, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), holding that the portion of the First Amendment guaranteeing the free exercise of religion does not excuse people from complying with a "valid and neutral law of general applicability [even though the law] ... prescribes ... conduct that [their] religion [forbids]."[9]

*Conclusion*

For the reasons explained here, we hold that even if Tenison is correct in asserting that the DMV could not lawfully require her to supply her social security number when she applied to renew her driver's license, this is not a defense to the charge of driving with an expired license. Tenison had no right to

7.  *Id.* at 1077.

8.  *See Shuttlesworth v. Birmingham*, 394 U.S. 147, 150–51, 89 S.Ct. 935, 938–39, 22 L.Ed.2d 162 (1969); *Collingswood v. Ringgold*, 66 N.J. 350, 331 A.2d 262, 270 (1975) (recognizing the exception, but concluding that the challenged ordinance was not unconstitutional on its face); *Oakwood v. Gummer*, 38 Ohio St.2d 164, 311 N.E.2d 517, 520–22 (1974); *Dulaney v. Municipal Court of San Francisco*, 11 Cal.3d 77, 112 Cal.Rptr. 777, 520 P.2d 1, 4 (1974); *Burton v. Municipal Court of Los Angeles*, 68 Cal.2d 684, 68 Cal.Rptr. 721, 441 P.2d 281, 283–84 (1968).

9.  *Id.*, 494 U.S. at 879, 110 S.Ct. at 1600.

continue to operate a motor vehicle until she was apprehended and then make a belated attack on the DMV's refusal to renew her license. No matter how strongly she believed that the social security number requirement abridged her freedom of religion or violated other constitutional rights, Tenison was not at liberty to ignore the law and drive with an expired license. Rather, she was obliged to challenge the DMV's action by pursuing an administrative appeal or a civil lawsuit.

Tenison's conviction for driving with an expired license is AFFIRMED.