925 A.2d 716 (2007)
394 N.J. Super. 153
Robert M. ALPERT, Appellant,
v.
Sharon HARRINGTON, Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 30, 2007.
Decided June 26, 2007.
*717 William H. Buckman, Moorestown, argued the cause for appellant.
Emily H. Armstrong, Deputy Attorney General, argued the cause for respondent (Stuart Rabner, Attorney General, attorney; Michael J. Haas, Assistant Attorney General, of counsel; Ms. Armstrong, on the brief).
Before Judges SKILLMAN, LISA and GRALL.[1]
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
A federal statute, enacted in 1996, mandates that "each State must have in effect laws requiring the use of . . . [p]rocedures requiring that the social security number of . . . any applicant for a . . . driver's license . . . be recorded on the application[.]" 42 U.S.C.A. § 666(a)(13)(A). If a state fails to comply with this mandate, it "lose[s] a substantial portion of [its] federal funding for various welfare programs[.]" Tenison v. State, 38 P.3d 535, 537 (Alaska Ct.App.2001). In conformity with this mandate, the Legislature enacted N.J.S.A. 2A:17-56.60(a)(1), which provides in pertinent part that "[t]he Social Security number of an applicant for any . . . driver's license . . . shall be recorded on the applica tion." To implement this legislation, the Motor Vehicle Commission adopted a regulation, which provides in pertinent part:
(a) An applicant for any . . . driver license . . . or registration shall disclose his or her social security number(s) upon the application form furnished by the Chief Administrator of the Motor Vehicle Commission.
. . . .
(c) This section shall not apply to persons who are exempt from applying for a social security number.
[N.J.A.C. 13:21-1.3.]
In September 2005, the Commission notified appellant, whose driver's license was scheduled to expire on January 31, 2006, that "your name and/or date of birth on your motor vehicle record does not match information contained in Social Security Administration files[,]" and that the Commission would not be able to renew his license unless he resolved this discrepancy.[2]
Appellant responded to this letter by submitting a letter in November 2005, followed by an affidavit, executed on January 17, 2006, which asserted that he was not required by federal law to maintain a social security number, that he had revoked any social security registration he may *718 have obtained before he became "of legal age," and therefore, he had "no valid social security account number." These submissions were accompanied by a document, entitled "Affidavit of Revocation and Rescission," submitted by appellant to the Department of Treasury in 1990, by which appellant purported to revoke his registration with the Social Security Administration. Appellant claimed that as a result of his submission of this document to the Social Security Administration, he was "exempt" within the intent of N.J.A.C. 13:21-1.3(c) from the requirement of submission of a social security number on his application for renewal of his driver's license.
Although the Commission did not respond directly to appellant's letter and affidavit claiming this exemption, it did not renew his driver's license. Appellant also went to the Commission's service center in Trenton and made telephone calls to the Commission's offices, but the representatives with whom he spoke declined to renew his driver's license on the ground that his application did not include a social security number.
Appellant then wrote letters to the Commission, a state Senator and two members of the Assembly objecting to the Commission's refusal to renew his driver's license. The Commission responded to communications from the state legislators by a letter dated March 21, 2006, a copy of which was sent to appellant, which stated in pertinent part:
Please be advised that the only exception from the MVC's requirement for driver license renewal applicants to provide their Social Security numbers is for "persons who are exempt from applying for a social security number." See New Jersey Administrative Code 13:21-1.3(c) which is enclosed.
Mr. Alpert indicated that he filed an Affidavit of Revocation and Rescission with the United States Treasury Department in 1990, and he provided a receipt for certified mail to indicate that he sent the letter by certified mail. Mr. Alpert also provided a letter from the Social Security Administration (SSA), dated August 12, 2005. That letter indicated, among other things, that the SSA does not require a person to obtain a Social Security number but that other agencies do require Social Security numbers. One such agency mentioned is the Internal Revenue Service (IRS) which requires Social Security numbers on tax returns.
The actions that Mr. Alpert has taken do not prove that he is exempt from applying for a Social Security number.
MVC needs a letter from the SSA which indicates that Mr. Alpert is no longer a participant in the Social Security system and that he no longer has a Social Security number in order to exempt him from MVC's regulatory requirement that he must submit his Social Security number before his driver license can be renewed.
The letter that Mr. Alpert provided from the SSA merely indicates that the Social Security Act does not require a person to obtain a Social Security number. It does not state that Mr. Alpert does not have a Social Security number.
Several years ago, in a very similar situation, a driver claimed that he was no longer a participant in the Social Security system and he wanted to renew his driver license without submitting his Social Security number. The former Division of Motor Vehicle[s] (DMV) (now MVC) rejected his renewal application when he failed to provide proof that he no longer participated in the Social Security system and no longer had a Social Security number.
The applicant sued the DMV and DMV ultimately prevailed. The Appellate *719 Division of the New Jersey Superior Court in an unreported decision (copy enclosed), Earl W. Werline, III v. Jeffrey T. Pistol and C. Richard Kamin (Docket No. A-4830-00T5) (unpublished, 2002), stated on page 6:
[Appellant's] unilateral execution of an affidavit is insufficient to eliminate a social security number and need not be recognized by the Division of Motor Vehicles.
On the date of expiration of his driver's license, appellant filed an action in the Law Division seeking to compel the Commission to renew his license. The Law Division transferred the action, which challenges the decision of a state administrative agency, to this court. See R. 1:13-4(a); R. 2:2-3(a)(2).
We disapprove of the informal manner in which the Commission acted upon appellant's application for renewal of his driver's license. The Commission should have responded to appellant's November 2005 letter and/or his January 17, 2006 affidavit with a clear statement of its reasons for refusing to renew his driver's license. Appellant should not have been forced to seek the assistance of state legislators in order to obtain such a statement. However, the letter to the legislators has now provided appellant with that statement. Moreover, we are satisfied that there is no contested issue of fact material to appellant's entitlement to a driver's license that requires referral of this matter to the Office of Administrative Law for an evidentiary hearing. Therefore, we address the merits of the appeal.
Initially, we note that appellant did not present any evidence that the Social Security Administration had accepted his purported "Affidavit of Revocation and Rescission" of his social security registration. Appellant suggests that the Commission had some sort of an obligation to investigate the status of his social security registration. However, appellant is the one who claimed the exemption provided by N.J.A.C. 13:21-1.3 from the requirement of submission of a social security number with an application for a driver's license. Therefore, appellant had the burden to submit satisfactory evidence that he qualified for the exemption. Appellant's submission of evidence demonstrating that the Department of Treasury received his purported "Affidavit of Revocation and Rescission," without submission of any evidence that the Social Security Administration had accepted that affidavit, did not satisfy this burden. See Hershey v. Pa. Dep't of Transp., 669 A.2d 517, 519-20 (Pa.Commw.Ct.), appeal denied, 544 Pa. 664, 676 A.2d 1202 (1996).
Moreover, N.J.S.A. 2A:17-56.60(a)(1), and the federal statute it was enacted to comply with, do not provide that a person may be relieved of the requirement of submission of a social security number with an application for a driver's license by simply failing to apply for or revoking a registration with the Social Security Administration. Federal law provides limited exemptions from the requirement of payment of social security taxes. For example, such an exemption is provided to a person who is "conscientiously opposed to acceptance" of social security benefits as a result of membership in a "recognized religious sect" whose teachings oppose receipt of such benefits. 26 U.S.C.A. § 1402(g); see Kocher v. Bickley, 722 A.2d 756, 760 n. 11 (Pa. Commw.Ct.1999). We believe that N.J.A.C. 13:21-1.3(c) must be read to provide an exemption from the requirement of submission of a social security number with an application for a driver's license only to persons who are exempt under 26 U.S.C.A. § 1402(g) or other similar provision. Appellant has not presented any evidence that he qualifies for such a federal statutory exemption. Therefore, he *720 would not be exempt from the requirement of submission of a social security number with the application for renewal of his driver's license even if he could show that the Social Security Administration had accepted his "Affidavit of Revocation and Rescission."
Affirmed.
NOTES
[1] Judge Grall did not hear oral argument. However, with the parties' consent, she has participated in the decision.
[2] Appellant's 2001 application for renewal of his driver's license included a social security number, which apparently did not correspond with Social Security Administration records.